J-S43008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHARIFFA STEPHENS | |
| Appellant | No. 2930 EDA 2013 |

Appeal from the Judgment of Sentence August 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002834-2012
MC-51-CR-0043809-2011

BEFORE:  GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 04, 2014**

Appellant, Shariffa Stephens, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following her bench trial conviction for aggravated assault, simple assault, recklessly endangering another person ("REAP"), and criminal conspiracy.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On October 13, 2011, Appellant and two cohorts drove to an area near 2100 South Olden Street in Philadelphia, where Saprina Jackson was taking a walk.  Appellant and her companions exited the vehicle together and quickly

_____

[1]  18 Pa.C.S.A. §§ 2702(a), 2701(a), 2705, and 903, respectively.

_____

*Former Justice specially assigned to the Superior Court.

approached Ms. Jackson. Appellant, or one of her cohorts, immediately struck Ms. Jackson in the head with a brick several times, causing Ms. Jackson to fall to the ground. For approximately ten to fifteen minutes, Appellant and her cohorts punched and kicked Ms. Jackson as she lay on the ground. The attack ended when one of Appellant's cohorts took Ms. Jackson's pocketbook. Appellant and her cohorts returned to the vehicle and fled the scene together.

That same day, the police drove to Appellant's home to question Appellant after they received information that connected Appellant and two other women, Nicole Doughty and Kayana Blunt, with the earlier incident. When the police asked Appellant if she knew anything about the incident, Appellant simply described the incident as a "fair fight." When the police asked Appellant if she knew where to find Ms. Doughty and Ms. Blunt, Appellant told the police that Ms. Doughty and Ms. Blunt were upstairs in Appellant's home. Upon questioning, Ms. Doughty and Ms. Blunt also maintained that whatever happened was a fair fight. The police handcuffed Appellant, Ms. Doughty, and Ms. Blunt, and drove them to the hospital, where Ms. Jackson was receiving treatment. After Ms. Jackson positively identified Appellant, Ms. Doughty, and Ms. Blunt as the women who had attacked her and took her pocketbook, the police arrested Appellant, Ms. Doughty, and Ms. Blunt. Subsequently, the police searched Appellant's residence and discovered Ms. Jackson's pocketbook.

Following a one-day bench trial on April 24, 2013, the court found Appellant guilty of aggravated assault, simple assault, REAP, and criminal conspiracy. On August 13, 2013, the court sentenced Appellant to an aggregate term of twenty-four (24) to forty-eight (48) months' imprisonment, followed by forty-two (42) months' probation. On August 20, 2013, Appellant timely filed post-sentence motions, which the court subsequently denied by order dated August 21, 2013. Appellant timely filed a notice of appeal on September 10, 2013. The court ordered Appellant on September 25, 2013, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied.

Appellant raises the following issues for our review:

> WHETHER THE TRIAL COURT ERRED WHEN IT FOUND [APPELLANT] GUILTY [OF] AGGRAVATED ASSAULT, SIMPLE ASSAULT AND RECKLESS ENDANGERING OF ANOTHER PERSON (REAP) WHEN IN FACT THE EVIDENCE PRESENTED ESTABLISHED THAT [APPELLANT] WAS MERELY PRESENT WHILE THE OTHER CHARGED CO-DEFENDANTS, KAYLA BLUNT AND NICOLE DOUGHTY, HIT THE [VICTIM], SAPRINA JACKSON, WITH A BRICK AND KICKED HER REPEATEDLY. [MS.] JACKSON TESTIFIED THAT IT WAS HER BELIEF THAT [APPELLANT] WAS NOT INVOLVED AND TRIED TO BREAK UP THE FIGHT.
>
> WHETHER [THE] TRIAL COURT ERRED WHEN IT FOUND [APPELLANT] GUILTY [OF] CONSPIRACY TO COMMIT AGGRAVATED ASSAULT WHEN THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH THAT [APPELLANT] AND HER CO-DEFENDANTS, KAYLA BLUNT AND NICOLE DOUGHTY ACTED WITH INTENT OF PROMOTING OR FACILITATING THE COMMISSION OF THE OFFENSE AND THE EVIDENCE DID NOT ESTABLISH THAT DEFENDANTS WERE IN AGREEMENT TO COMMIT A CRIME. THE EVIDENCE PRESENTED WAS THAT [APPELLANT] WAS

MERELY PRESENT AND ATTEMPTED TO BREAK UP THE FIGHT BETWEEN CO-DEFENDANTS AND MS. JACKSON.

WHETHER [THE] COURT ERRED IN FINDING [APPELLANT] GUILTY, WHICH WAS AGAINST THE WEIGHT OF THE EVIDENCE SINCE IT WAS CLEAR THAT THE [VICTIM], MS. JACKSON, EXONERATED [APPELLANT] WITH HER TESTIMONY BY STATING THAT SHE BELIEVED [APPELLANT] WAS MERELY PRESENT AND ATTEMPTED TO BREAK-UP THE ALTERCATION BETWEEN THE [VICTIM] AND THE CO-DEFENDANTS WHO SHE TESTIFIED WERE MORE INVOLVED [THAN] [APPELLANT]. MORE IMPORTANTLY BASED ON EVIDENCE ILLUMINATING CO-DEFENDANT, KAYLA BLUNT'S, CLEAR INVOLVEMENT SHE WAS FOUND NOT GUILTY BY THE COURT ON ALL CHARGES.

(Appellant's Brief at 3).

In her first issue, Appellant argues Ms. Jackson's own testimony consistently exonerated Appellant. Appellant claims Ms. Jackson repeatedly stated that Appellant was not part of the group that attacked her. Furthermore, Appellant contends Ms. Jackson suggested Appellant tried to break up the fight. Appellant also asserts police officer testimony regarding Appellant's description of the incident as a "fair fight" does not contradict Ms. Jackson's testimony. Appellant concludes the evidence was insufficient to convict Appellant of aggravated assault, simple assault, and REAP; and this Court should reverse.

In her second issue, Appellant argues Ms. Jackson testified that Appellant tried to break up the fight rather than aid the assailants. Appellant contends the evidence actually gives rise to the inference that Appellant worked to stop the crime rather than facilitate it. Furthermore,

Appellant contends the court's finding that Appellant's co-defendant, Ms. Blunt, was not guilty on all counts is contrary to the court's finding that Appellant did participate in a criminal conspiracy to commit aggravated assault. Appellant concludes the evidence was insufficient to convict Appellant of criminal conspiracy; and this Court should reverse and dismiss the case with prejudice.

In her third issue, Appellant argues the victim consistently testified that Appellant tried to break up the fight and Appellant's co-defendant participated in the attack. Appellant avers her conviction and co-defendant's acquittal are inconsistent with Ms. Jackson's testimony. Appellant complains the court's findings are so contrary to the testimony that they can be justified only by concluding the court was confused about the identity of each co-defendant. Appellant suggests her conviction shocks one's sense of justice and is made even more shocking when one considers the court found her co-defendant not guilty. Appellant concludes her conviction was against the weight of the evidence, and this Court should invalidate the verdict and dismiss the case with prejudice.

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence

and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Barnswell Jones**, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting **Commonwealth v. Bullick**, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Our standard of review for a challenge to the weight of the evidence is as follows:

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Champney**, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

(internal citations omitted).  We also observe:

> A challenge to the sufficiency of the evidence is entirely distinct from a challenge to the weight of the evidence.

> > The distinction between these two challenges is critical.  A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.

> > A claim challenging the sufficiency of the evidence is a question of law.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law.  When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> > A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict.  Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.  An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court.  A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion.  A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is

against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Smith*, 853 A.2d 1020, 1028 (Pa.Super. 2004) (quoting *Commonwealth v. Widmer*, 560 Pa. 308, 318-20, 744 A.2d 745, 751-52 (2000) (internal citations omitted)). *See Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa.Super. 2003) (holding sufficiency of evidence review does not include assessment of credibility; review of witness testimony constitutes weight of evidence challenge; because defendant's sufficiency of evidence challenge implicated review of witness credibility, claim was actually weight challenge and deemed waived, for failure to preserve it in Pa.R.Crim.P. 607 motion before trial court).

The Crimes Code defines aggravated assault in relevant part as follows:

**§ 2702. Aggravated assault**

**(a)  Offense defined.—**A person is guilty of aggravated assault if he:

(1)  attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

\*    \*    \*

18 Pa.C.S.A. § 2702(a)(1). The court must evaluate each case on its own particular facts, but under appropriate circumstances, even a single punch to

the face can constitute aggravated assault. *Commonwealth v. Lewis*, 911 A.2d 558, 564 (Pa.Super. 2006). Probative circumstances in this inquiry have included evidence that the assailant was disproportionately larger or stronger than the victim, that the assailant had to be restrained from escalating the attack, that the assailant had a weapon or other implement to aid the attack, or that the assailant made statements before, during, or after the attack which might indicate an intent to inflict further injury. *Commonwealth v. Bruce*, 916 A.2d 657, 663 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). Evidence showing that an appellant intended to strike a dazed and helpless victim again can establish intent to cause serious bodily injury. *Id.* The Pennsylvania Crimes Code defines simple assault as follows:

> **§ 2701 Simple Assault**
>
> **(a) Offense defined.—**A person is guilty of assault if he:
>
> > (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
> >
> > (2) negligently causes bodily injury to another with a deadly weapon;
> >
> > (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
>
> > \*    \*    \*

18 Pa.C.S.A. § 2701(a)(1)-(3).

The Pennsylvania Crimes Code defines the offense of REAP as follows:

"A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. "Serious bodily injury" is defined as, "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. A person is guilty of REAP when that person: (1) possessed a mental state of recklessness; (2) committed a wrongful act; and (3) created the danger of death or serious bodily injury in the performance of the wrongful act. *Commonwealth v. Emler*, 903 A.2d 1273, 1278 (Pa.Super. 2006).

> This statutory provision was directed against reckless conduct entailing a serious risk to life or limb out of proportion to any utility the conduct might have. The crime of REAP is a crime of assault which requires the creation of danger. As such, …there must be an actual present ability to inflict harm.

*Commonwealth v. Reynolds*, 835 A.2d 720, 727-28 (Pa.Super. 2003).

"The *mens rea* for recklessly endangering another person is 'a conscious disregard of a known risk of death or great bodily harm to another person.'"

*Commonwealth v. Martuscelli*, 54 A.3d 940, 949 (Pa.Super. 2012).

Section 903(a)(1) of the Crimes Code provides:

**§ 903  Criminal Conspiracy**

**(a)   Definition of conspiracy**.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

- 10 -

(1)  agrees with such person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime;

\*    \*    \*

**(b)  Scope of conspiratorial relationship.**—If a person guilty of conspiracy, as defined by subsection (a) of this section, knows that a person with whom he conspires to commit a crime has conspired with another person or persons to commit the same crime, he is guilty of conspiring with such other person or persons, to commit such crime whether or not he knows their identity.

18 Pa.C.S.A. § 903(a)(1), (b).  To sustain a conviction for criminal conspiracy, the Commonwealth must establish the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy.  ***Jones, supra*** at 121. Additionally:

Circumstantial evidence may provide proof of the conspiracy.  The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt.  An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode.  These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

***Id.*** at 121-22.

The essence of a criminal conspiracy is the common understanding that a particular criminal objective is to be accomplished.  Mere association with the perpetrators, mere presence at the scene, **or** mere knowledge of the

- 11 -

crime is insufficient. Rather, the Commonwealth must prove that the defendant shared the criminal intent, *i.e.,* that the [defendant] was an active participant in the criminal enterprise and that he had knowledge of the conspiratorial agreement. The defendant does not need to commit the overt act; a co-conspirator may commit the overt act.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa.Super. 2002), *appeal denied*, 569 Pa. 701, 805 A.2d 521 (2002) (internal citations and quotation marks omitted) (emphasis added). Circumstances such as an association between alleged conspirators, knowledge of the commission of the crime, presence at the scene of the crime, and/or participation in the object of the conspiracy, are relevant to prove a conspiracy, when "viewed in conjunction with each other and in the context in which they occurred." *Id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Chris R. Wogan, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed October 28, 2013, at 2-6) (finding: **(1)** victim identified Appellant as member of group that exited vehicle together; one member of group struck victim in head with brick; one or more than one member of group struck victim several more times with brick; all members of group surrounded victim and punched and kicked victim while victim lay on ground; assault continued until one member of group took victim's pocketbook; victim positively identified Appellant as

assailant; victim could not explicitly identify which blows she received from individual group members, but evidence was sufficient to establish Appellant's involvement in assault; severity of blows rose to level required for aggravated assault, even if Appellant did not use brick to beat victim; Appellant was properly convicted of aggravated assault, simple assault, REAP; **(2)** victim identified Appellant as having exited vehicle with other women; victim's testimony that all women from vehicle surrounded her during assault is sufficient for finding that Appellant was engaged in conduct of assault; all women, including Appellant, left scene of crime together in vehicle they arrived in after they took victim's pocketbook; victim's testimony that Appellant exited van with other women, remained present at scene, surrounded victim, and fled from scene with other women sufficiently established Appellant did aid in commission of crime; Appellant was properly convicted of conspiracy to commit aggravated assault; **(3)** testimony by victim and police officers was sufficient to establish crime; record does not show verdict so contrary to evidence as to shock one's sense of justice; new trial is not imperative and justice was properly served). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/4/2014</u>

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :

CP-51-CR-0002834-2012 Comm. v. Stephens, Shariffa
Opinion

7078723771

:    CP-51-CR-0002834-2012

:

:

:

SHARIFFA STEPHENS     :

:    SUPERIOR COURT
:        EDA 2013

:

## O P I N I O N

FILED

OCT 28 2013

Criminal Appeals Unit
First Judicial District of PA

**CHRIS R. WOGAN, J.**

### Procedural Posture

At a waiver trial, testimony was presented regarding an assault which took place on October 13, 2011 at around 7:50 p.m. near 2100 South Olden St. in Philadelphia. The complainant in the present case testified that three women jumped out of a tan van and came toward the complainant. The complainant indicates she was then struck with a brick and was punched multiple times and then was kicked multiple times as she lay on the ground. The complainant could not tell who was responsible for each strike but could tell that the three women from the van were all taking part in the assault. The assault concluded when one woman took the complainants pocketbook and ran for the van with the other two women, one of which was identified as this defendant. The defendant was said to have participated in the assault, but at some point tried to break up the fight. This

1

Court found the defendant guilty of Aggravated Assault, Conspiracy to Commit Aggravated Assault, Simple Assault, and Recklessly Endangering Another Person. The Simple Assault and the Recklessly Endangering Another Person merged into the Aggravated Assault. The defendant was sentenced to 24-48 months of state incarceration with 42 months of reporting probation consecutive to the incarceration on the Aggravated Assault and 48 months of reporting probation for the Conspiracy to Commit Aggravated Assault. The notice of appeal was filed on September 10, 2013.

## Discussion

**Defendant claims that: "1. The trial Court erred when it found Ms. Stephens guilt on Aggravated Assault, Simple Assault and Reckless(sic) Endangering Another Person (REAP) when in fact the evidence presented established that Ms. Stephens was merely present while the other charged co-defendants, Kayla Blunt and Nicole Doughty, hit the complainant, Saprina Jackson, with a brick and kicked her repeatedly. Jackson testified that it was her belief that Ms. Stephens was not involved and tried to break up the fight."**

A person is guilty of aggravated assault if she: (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S.A. § 2702(a).

The defendant was identified as a member of a group of women who exited a van. One of the members of the group struck the complainant in the head with a brick. The complainant

2

testified that she was struck several more times with what she believed was a brick as well as punches from the various members of the group. Once the complainant fell to the ground, she was kicked from all sides by the members of the group, which still included the defendant. The complainant indicated that she heard someone say that the defendant was trying to break up the fight at some point, but the assault did not stop until one individual obtained the complainant's pocketbook. Then all three retreated back to the van and left the scene. The officer testified that the complainant made a positive identification of the defendant and indicated in her statement that the defendant was involved in the assault. The complainant cannot explicitly identify the blows received from each woman, or the blows received from the defendant. However, the evidence was sufficient to establish the defendant's involvement in the assault. The severity of the blows gives rise to the level needed to establish Aggravated Assault, even if this defendant did not use the brick or the bottles. Therefore, the defendant was properly found guilty of the Aggravated Assault, Simple Assault, and Recklessly Endangering Another Person charges.

3

**Defendant claims that: "2. The trial Court erred when it found Ms. Stephens guilty on Conspiracy to commit Aggravated Assault when the evidence was insufficient to establish that Ms. Stephens and her co-defendants, Kayla Blunt and Nicole Doughty, acted with intent of promoting or facilitating the commission of the offense and the evidence did not establish that defendants were in agreement to commit a crime. The evidence presented was that Ms. Stephens was merely present and attempted to break up the fight between the co-defendants and Ms. Jackson."**

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission she: (1) agrees with other persons that they or one or more of them will engage in conduct which constitutes such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime. 18 Pa.C.S.A. § 903(a).

The defendant was identified by the complainant as having exited the van with two other women. N.T. 04/24/2013, p. 9. The complainant testified that all three women were surrounding her while being assaulted which would be sufficient to be engaging in the conduct of the assault. N.T. 04/24/2013, p. 13-14. All three women, including the defendant, left the scene together in the van they arrived in after the complainant's pocketbook was acquired. N.T. 04/24/2013, p. 15-16. There is no testimony establishing that this defendant struck the complainant with a brick or how many times the defendant struck the complainant. The exiting the van, the continued presence at the scene, the surrounding of the complainant, and the flee from

4

the scene with the other individuals make it sufficient to say that this defendant did aid the co-defendant in the commission of the crime. Therefore, the defendant was properly convicted of the Conspiracy to Commit Aggravated Assault charge.

**Defendant claims that: "3. The Court erred in finding Defendant guilty, which was against the weight of the evidence since it was clear that the Complainant, Ms. Jackson, exonerated Ms. Stephens with her testimony by stating she believed that Ms. Stephens was merely present and attempted to break-up the altercation between the complainant and the co-defendants who testified were more involved than Ms. Stephens. More importantly based on evidence illuminating co-defendant, Nicole Doughty, clear involvement she was found not guilty by the court on all charges."**

A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion. Pa.R.Crim.P. Rule 607(a). This rule is designed to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived. Appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion. Commonwealth v. Widmer, 689 A.2d 211, 212 (1997). Whether verdict is contrary to weight of evidence is matter committed to sound discretion of trial court, and new trial will be granted on this basis only where record shows that verdict was so contrary to evidence as to shock one's sense of justice

5

and make new trial imperative in interests of obtaining justice. Commonwealth v. Ruffin, 463 A.2d 1117, 1120 (Pa. Super 1983).

The defendant did file a post-sentencing motion which preserved the weight of the evidence argument. This Court denied the motion and found that the weight of the evidence was sufficient to have found the defendant guilty of Aggravated Assault, Conspiracy to Commit Aggravated Assault, Simple Assault, and Recklessly Endangering Another Person. The record does not show that the verdict was so contrary to evidence as to shock one's sense of justice. The testimony by the complainant and the police officer is sufficient to establish the crime. A new trial is not imperative in this matter and justice was properly served. Therefore, the defendant fails to establish that a new trial is required to obtain justice and that the verdict was not so contrary as to shock one's sense of justice because the evidence presented was sufficient to establish the crime.

**Defendant claims that: "4. The Defendant, through Counsel, without waiver, hereby reserves the right to allege ineffective assistance of trial counsel at a Post Conviction Relief Act hearing in the future. See *Commonwealth v. Grant*, 813 A.2d 726 (PA. 2002)."**

An ineffective assistance of trial counsel claim will not be deemed waived simply because it was not raised by new counsel on direct appeal.

6

As a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review. Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002). Any ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity. Id. This holding does not alter the waiver provision of the PCRA, 42 Pa.C.S. § 9544(b); it merely alters that time when a claim will be considered waived. Id.

This Court does not contest the ruling of the Supreme Court of Pennsylvania in Grant. Should a claim arise, it will be evaluated in accordance with that ruling.

## Conclusion

For the above reasons, the verdict of the trial court should be affirmed finding the defendant guilty of Aggravated Assault, Conspiracy to Commit Aggravated Assault, Simple Assault, and Recklessly Endangering Another Person.

BY THE COURT:

_____

CHRIS R. WOGAN, J.

8