J-A06038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| IAN CHRISTOPHER BRENNER | |
| Appellant | No. 1675 MDA 2014 |

Appeal from the Judgment of Sentence entered September 17, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0002170-2006

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 24, 2016**

Appellant, Ian Christopher Brenner, appeals from the judgment of sentence entered on September 17, 2014 in the Court of Common Pleas of York County following his convictions of first-degree murder, attempted homicide, and three separate counts of aggravated assault.[1]  Appellant raises several challenges relating to weight and sufficiency of evidence as well as evidentiary rulings.  After careful review, we affirm.

From the trial court's July 10, 2015 opinion, we glean the following factual and procedural background.  This case stems from shots fired by Appellant in the City of York on October 19, 2005, resulting in the death of a woman who was struck by a ricocheting bullet, injuries to a man who was

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 901(a), and 2702(a), respectively.

running from the sounds of gunshots, and injuries to another man who was standing near Jeffrey Mable, the person who was the apparent target of all the fired shots.

In Appellant's first trial, one Commonwealth witness testified that she and Appellant were driving around days before the shooting when she overheard Appellant's cellphone conversation in which he stated he was planning to shoot Jeffrey Mable. According to the witness, during the cellphone conversation, Appellant was playing with a gun in his lap. Another Commonwealth witness testified that Appellant discussed a shooting with him while in the York County Prison and Appellant confessed that he accidentally shot a woman and felt bad about it. During that prison conversation, Appellant also explained that he fired shots on the night in question because he was trying to shoot the person who shot him earlier in the month.

At the conclusion of Appellant's first trial, a jury convicted him of first-degree murder, attempted murder, and three counts of aggravated assault. He was sentenced on October 23, 2006 to life in prison. On direct appeal, this Court affirmed the judgment of sentence, finding Appellant's late-filed Rule 1925(b) statement resulted in waiver of all issues on appeal. Our Supreme Court subsequently established new guidelines for Rule 1925(b) statement extensions, vacated this Court's memorandum, and remanded for disposition on the merits.

On April 6, 2010, this Court again affirmed the judgment of sentence. Our Supreme Court denied Appellant's petition for allowance of appeal on November 16, 2010. Appellant then filed his first petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which the PCRA court denied by order of June 26, 2012. On May 31, 2013, this Court reversed the PCRA court's ruling and remanded to the trial court for a new trial. A second trial was conducted in August of 2014 and a jury again convicted Appellant of first-degree murder, attempted murder, and three separate counts of aggravated assault. On September 17, 2014, the trial court sentenced Appellant to a mandatory life sentence for the murder conviction, seven to 14 years in prison for attempted murder, and five to ten years in prison on two counts of aggravated assault, with the remaining count merging into a previous count for sentencing purposes. This timely appeal followed. *See* Trial Court Opinion (T.C.O.), 7/10/15, at 1-5 (citing *Commonwealth v. Brenner*, 1313 MDA 2012, unpublished memorandum at 1-3 (Pa. Super. filed May 31, 2013)) (quoting *Commonwealth v. Brenner*, 2129 MDA 2006, unpublished memorandum at 1-5 (Pa. Super. filed April 6, 2010)).

In its Rule 1925(a) opinion, the trial court noted that the facts offered into evidence in Appellant's second trial were similar to those offered in the first trial. The trial court explained:

> For the most part, the facts of the actual shooting were not in dispute; it is the identity of the shooter that was at issue. The

main difference in the evidence at the second trial is that three prosecution witnesses from [Appellant's] first trial were no longer available to testify at the retrial. Two of them were deceased and one was serving in the military at an undisclosed location. Counsel for [A]ppellant stipulated that the witnesses were in fact unavailable. Most notably, one of the deceased witnesses . . . was the lone eyewitness who identified the Appellant as the shooter.

T.C.O., 7/10/15, at 3. In its opinion, the trial court addressed and rejected each of the twelve errors complained of on appeal asserted in Appellant's Rule 1925(b) statement.[2] Appellant reasserts eleven of those claims for this Court's consideration as follows:

1. Whether the [t]rial [c]ourt abused its discretion in denying Appellant's Motion challenging the weight of the evidence?

2. Whether the [t]rial [c]ourt abused its discretion in denying Appellant's Pre-Trial Motion to preclude the former testimony of unavailable Commonwealth witness, Daniek Burns, from trial?

3. Whether the Commonwealth's use of false or perjured testimony violated Appellant's constitutional rights and requires a reversal of his conviction and sentencing?

4. Whether the [t]rial [c]ourt abused its discretion in admitting the testimony of unavailable Commonwealth witness, Troy Cromer?

5. Whether the [t]rial [c]ourt abused its discretion in admitting the former testimony of unavailable Commonwealth witness, Anthony Zawadzinski?

6. Whether the [t]rial [c]ourt abused its discretion in denying Appellant's Pre-Trial Motion to Suppress the photographic

_____

[2] We remind Appellant's counsel of the Rule 2111 requirement to append a copy of the Rule 1925(b) statement of errors complained of appeal to an appellant's brief. Pa.R.A.P. 2111(a)(11) and (d).

identification of Appellant by Commonwealth witness, Daniek Burns?

7. Whether the [t]rial [c]ourt abused its discretion in denying Appellant's Motion to Suppress Appellant's sweatshirt which was seized from the York County Prison?

8. Whether the [t]rial [c]ourt abused its discretion in admitting, over timely objection, hearsay evidence admitted at trial through a Commonwealth witness which prejudiced Appellant?

9. Whether the Commonwealth failed to present sufficient evidence to prove Appellant guilty of Murder in the First Degree at trial?

10. Whether the Commonwealth failed to introduce sufficient evidence at trial to prove Appellant guilty beyond a reasonable doubt of Criminal Attempt (Criminal Homicide)?

11. Whether the [t]rial [c]ourt abused its discretion in denying Appellant's Pre-Trial Motion to introduce the facts and circumstances surrounding the death of the sole eyewitness for the Commonwealth at trial, Daniek Burns?

Appellant's Brief at 5-6.[3]

Appellant's issues fall into three categories: a weight of the evidence challenge (Issue 1), evidentiary challenges (Issues 2-8 and 11), and sufficiency of the evidence challenges (Issues 9 and 10). We begin by setting forth the applicable standards of review for Appellant's various issues.

---

[3] In his Statement of Questions Presented, Appellant uses letters A through K rather than those letters' numerical equivalents. For ease of discussion, we have substituted numbers for letters and shall refer to the issues by number.

With respect to a weight of the evidence claim, our Supreme Court has instructed:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000) (citations omitted). Importantly, a weight of the evidence claim "concedes that there is sufficient evidence to sustain the verdict." **Commonwealth v. Smith**, 853 A.2d 1020, 1028 (Pa. Super. 2004).

For challenges to evidentiary rulings, our standard of review is limited. **Commonwealth v. Aikens**, 990 A.2d 1181, 1184 (Pa. Super. 2010), *appeal denied*, 4 A.3d 157 (Pa. 2010).

> A trial court's decision will not be reversed absent a clear abuse of discretion. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

**Id.** at 1184-85 (citations omitted).

Finally, when reviewing sufficiency of evidence challenges:

> [O]ur standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the

> Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

*Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010) (citation omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011).

Returning to the issues presented, Appellant first asserts the trial court abused its discretion by denying his post-sentence motion challenging the weight of the evidence. Again, our review of a weight claim is a review of the trial court's exercise of discretion and we give the gravest consideration to the trial court's findings and its reasons for rejecting the weight claim. *See Widmer*, 744 A.2d at 753.

The trial court conceded there were "certainly pieces of evidence [that] arguably undermined the Commonwealth's case[.]" T.C.O., 7/10/15, at 6. Nevertheless, in examining the jury's verdict to ascertain whether the verdict was so contrary to the evidence as to shock one's sense of justice, the trial court concluded its sense of justice was not shocked. "We heard the same testimony as the jurors and were not shocked." *Id.*

We find no abuse of discretion in the trial court's conclusion. Therefore, Appellant's first issue fails.

In his second, fourth and fifth issues, Appellant asserts trial court error for admitting prior testimony of three unavailable witnesses, two of whom were deceased at the time of Appellant's second trial and one of whom was serving overseas in the military. Appellant contends that admitting the prior testimony deprived him of the opportunity to conduct a full and fair cross-examination of the witnesses. In essence, Appellant implies that the reason this Court remanded for a second trial was that trial counsel in his first trial was ineffective for failure to conduct full and fair cross-examination of the subject witnesses. The trial court rejected Appellant's contentions, finding the previous cross-examination of the three witnesses "was full and adequate." Trial Court Order, 7/30/14, at 1; T.C.O. 7/10/15, at 8-10. Moreover, as the trial court observed, Appellant did not challenge trial counsel's cross-examination of the subject witnesses in his PCRA petition. *Id.* at 10.[4] Rather, Appellant prevailed on his claim of ineffectiveness and was granted a new trial due to trial counsel's failure to call character witnesses. *See Commonwealth v. Brenner*, 1313 MDA 2012, unpublished memorandum (Pa. Super. filed May 31, 2013).

_____

[4] In his PCRA petition, Appellant did challenge trial counsel's cross-examination of one witness. However, that witness was not one of the three unavailable witnesses.

We find no abuse of discretion on the part of the trial court for admitting prior testimony of the unavailable witnesses. Appellant's second, fourth and fifth issues fail for lack of merit.

In his third issue, Appellant asks this Court to determine whether the Commonwealth's use of false or perjured testimony violated Appellant's constitutional rights and requires reversal of his conviction. The alleged false or perjured testimony relates to the testimony of Daniek Burns, one of the three unavailable witnesses whose prior testimony was read into the record during Appellant's second trial. *See* Appellant's Issue 2, *supra*. Appellant's third issue does not afford him any basis for relief.

During Appellant's first trial, the prosecutor asked Commonwealth witness Burns if he had any charges against him. Burns replied that he did not. He was then asked if he had any agreement for dismissal of charges or early release in exchange for his testimony. He again replied that he did not. Due to Burns' unavailability, that same testimony was read into the record in Appellant's second trial. Notes of Testimony, 8/5/14, at 395.

Appellant argues that the Commonwealth—and in particular, Commonwealth witness Detective Fetrow—was aware that Burns had been found to be in possession of illegal drugs prior to Appellant's first trial. He claims the trial court abused its discretion by refusing to conduct an evidentiary hearing to assess trial counsel's ineffectiveness for failing to

cross-examine Burns on the issue, "where such evidence *would have been made* a part of the record." Appellant's Brief at 24 (emphasis added).

The trial court acknowledged its disadvantage in assessing Appellant's complaint because the court could not find, in the voluminous records associated with this case, any reference to Detective Fetrow's statements to that effect. The trial court commented:

> Oftentimes, when counselors file their list of appeal grievances, helpful citations are provided. It is entirely possible that this [c]ourt has overlooked relevant testimony. However, where the Appellant has only alleged that the pertinent and supposed disclosure by Detective Fetrow occurred "in a prior proceeding," we have come up empty-handed. If the testimony occurred in a Grand Jury proceeding then we have not found it.

T.C.O., 7/10/15, at 10-11. The Commonwealth appropriately suggests the trial court did not locate the testimony because it is not part of the record, a point Appellant seems to acknowledge. As such, the Commonwealth argues, that testimony is deemed non-existent and cannot be considered on appeal. Commonwealth Brief at 9 (citing **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*)). We agree. Further, as the trial court recognized, Appellant's counsel "was aware prior to retrial that Mr. Burns' testimony would be read into the record in its entirety. . . . [T]o our mind, the time for the Appellant to object to *known* perjured testimony that is to be read into the record is *before* that is done." T.C.O., 7/10/15, at 11 (emphasis in original). Appellant's third issue fails.

- 10 -

In his sixth issue, Appellant complains that the trial court abused its discretion by denying Appellant's motion to suppress Burns' photographic identification of Appellant. In his motion, Appellant argued that "the photographic identification was unduly suggestive under the totality of the circumstances, and where the procedure utilized . . . created a substantial likelihood of confusion." Pre-Trial Omnibus Motion, 3/7/14, at 9; Appellant's Brief at 29. In essence, Appellant argues the trial court abused its discretion by denying the motion to suppress because the Commonwealth failed to carry its burden to prove the out-of-court identification was free from taint. Appellant's Brief at 30 (citing **Commonwealth v. Moore**, 633 A.2d 1119 (Pa. 1993)).

The trial court rejected Appellant's claims, noting that Detective Fetrow testified about the process of selecting photographs for the array and that other individuals in the lineup were similar to Appellant. T.C.O., 7/10/15, at 13. The trial court explained:

> The men in the photo lineup appear to all have similar facial features and hairstyles, with some having lighter skin and some having darker skin. A photo array in which photos are selected by a computer system based upon similarity to defendant is not unduly suggestive when the individuals have complexions, facial features, and facial hair that are similar to those of the defendant. Furthermore, a photo lineup is only suppressible if given the totality of the circumstances, the identification was so impermissibly suggestive as to give rise to substantial likelihood of irreparable misidentification.

*Id.* at 13 (citations and internal quotations omitted). Further, "[W]e cannot escape the case law telling us that it is the totality of the circumstances

- 11 -

which matter[s] most and we do not believe that, under the test, the Appellant can show that the identification was so impermissibly suggestive as to give rise to substantial likelihood of irreparable misidentification." *Id.* at 14.

As stated at the outset, when faced with challenges to evidentiary rulings, our standard of review is limited to a determination of whether the trial court abused its discretion. *Aikens*, 990 A.2d at 1184. Finding no abuse of discretion with respect to the trial court's denial of Appellant's motion to suppress the photographic identification made by Daniek Burns, we reject Appellant's sixth issue for lack of merit.

Appellant's seventh issue calls into question the trial court's denial of another suppression issue, this time relating to suppression of Appellant's sweatshirt seized from the York County Prison. Again, we review the ruling for abuse of discretion. *Id.* In its opinion, the trial court stated that its reasons for denying Appellant's motion were included in its July 16, 2014 order, in which the trial court announced:

> The [c]ourt finds that the four-corners of the search warrant [issued on the date of Appellant's arrest] sufficiently established probable cause to seize the sweatshirt. [Appellant] cites no authority for his position that differing accounts of eyewitnesses would affect a finding of probable cause. The search warrant reveals that Detective Fetrow's investigation included an eyewitness account that the shooter wore a black, hooded sweatshirt. The [c]ourt finds this fact amply supports probable cause to issue the search warrant.
>
> Additionally, the [c]ourt finds that even if there was a problem with the search warrant, no warrant was needed to seize this

- 12 -

article of clothing from the prison. No warrant was required to seize the other clothing that [Appellant] was wearing at the time of his arrest, and the sweatshirt is no different. [Appellant] had no expectation of privacy in this sweatshirt. [Appellant] incorrectly believes that he maintained an interest of privacy because it was locked away at the prison. However, the prison, as part of its procedures, inventories and locks away all personal items of inmates for safety purposes. [Appellant] was not able to access his belongings while he was housed at York County Prison. For these reasons, the [c]ourt concludes that the black, hooded sweatshirt was properly obtained by Detective Fetrow from the York County Prison.

Order, 7/16/14, at 2-3. We find no abuse of discretion in the trial court's denial of Appellant's motion to suppress his sweatshirt. Appellant's seventh issue lacks merit.

Appellant challenges another evidentiary ruling in his eighth issue, asking this Court to find the trial court erred by overruling a hearsay objection to testimony offered by Officer Shannon Miller relating to statements made by Daniek Burns. The statements included a description of the shooter, a description of the shooter's actions, and Burns' speculation as to why the shooting occurred. The trial court agreed with the Commonwealth that the statements fell under the *res gestae* exception to the hearsay rule and contends it was "firmly in the right" to permit the testimony. T.C.O., 7/10/15, at 15. The trial court explained that a startling event is needed to invoke the *res gestae* exception, one that "deprives a person of their reflective faculties and the statement needs to be a spontaneous reaction to the startling event rather than the result of

reflective thought." **Id.** at 15-16 (citing **Commonwealth v. Cooley**, 348 A.2d 103, 106 (Pa. 1975) (additional citation omitted)).

Here, the trial court found that Burns had just witnessed a shooting "so startling his flight instincts kicked in, which is evidenced by the way the officer says he had just slowed to a walk upon her approach." **Id.** at 16 (reference to record omitted). The officer told Burns to get on the ground and then she handcuffed him as he was "shaking and nervous." **Id.** The trial court acknowledged Burns was not shot, as was the declarant in **Cooley**. Nevertheless, he "had just fled a shooting and was now handcuffed on the ground responding to urgent police inquiries." **Id.** As such, the trial court concluded his statements qualified as an exception to the hearsay rule.

Given the proximity in time and distance from the events leaving Burns shaking, nervous and scared to the responses given to the officer's questions, we decline to find that the trial court abused its discretion by permitting the testimony as an exception to the hearsay rule. Appellant's eighth issue does not provide a basis for relief.

In his ninth issue, Appellant argues that the evidence was insufficient to support his guilty verdict for first-degree murder. Specifically, Appellant argues the Commonwealth failed to show he intended to kill the victim, Anna Witter. Indeed, according to Appellant, "a ricochet struck Ms. Witter and caused her death. This shows that the shooter did not intend to kill [the victim]." Appellant's Brief at 41. As noted by the trial court, Appellant

seems to ignore that under the doctrine of transferred intent, "it matters not who the intended victim was, because '[f]irst degree murder is not the slaying of any particular person, it is the taking of the life of another, premeditatedly and with malice aforethought, regardless of the identity of the victim." T.C.O., 7/10/15, at 18 (quoting **Commonwealth ex rel. McCant v. Rundle**, 221 A.2d 460, 461 (Pa. 1965)).

We agree with the trial court's analysis and conclusions. The instant claim is, therefore, without merit.[5]

In his tenth issue, Appellant asserts the evidence was insufficient to prove him guilty of criminal attempt (criminal homicide) beyond a reasonable doubt.[6] Specifically, Appellant contends the Commonwealth failed to prove premeditation.

_____

[5] To the extent Appellant's argument can be construed as a challenge to the sufficiency of evidence, the claim is without merit. As noted above, the record includes testimony from a witness (Burns) identifying Appellant as the shooter as well as circumstantial evidence, all of which taken together was sufficient for the jury to find beyond a reasonable doubt that Appellant was the shooter and that he ended up killing someone else in the process of attempting to kill Jeffrey Mable. Appellant's disagreement with the trial court's ruling on the admissibility of the testimony of Burns and other witnesses unavailable at the time of Appellant's second trial does not make the evidence any less sufficient to support a first-degree murder conviction. Again, we view the evidence and reasonable inferences in the light most favorable to the Commonwealth as we consider whether the jury, as factfinder, reasonably could have determined that each element of the crime was established beyond a reasonable doubt. **See Kane**, 10 A.3d at 332.

[6] The doctrine of transferred intent applied to Appellant's first-degree murder conviction because Appellant killed Ms. Witter although Mr. Mable
*(Footnote Continued Next Page)*

- 15 -

We conclude the trial court appropriately analyzed and rejected Appellant's assertions regarding criminal attempt, explaining:

> In defining Criminal Attempt, 18 Pa.C.S.A. § 901(a) states that, "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." The crime alleged was homicide. As mentioned in our examination of the sufficiency of evidence for Murder in the First Degree [], the use of a deadly weapon, which a gun clearly qualifies as, on a vital part of a human body establishes the specific intent to kill. If the jury believed that the Appellant was the person who wielded the gun on that fateful day then premeditation was a foregone conclusion by virtue of a gun being a deadly weapon and the victim having been struck in the chest. This claim is wholly without merit.

T.C.O., 710/15, at 20 (citations and references to record omitted).

Viewing all the evidence and inferences in the light most favorable to the Commonwealth, the trial court concluded the jury could have determined that each element of criminal attempt (criminal homicide) was established beyond a reasonable doubt. We agree. Appellant is not entitled to any relief on his tenth issue.

In his eleventh and final issue, Appellant complains that the trial court abused its discretion by denying Appellant's pre-trial motion seeking

*(Footnote Continued)* ───────────

was his intended target. However, the doctrine of transferred intent does not apply to the crime of criminal attempt because Appellant actually attempted to kill Mr. Mable. ***See, e.g., State v. Brady***, 903 A.2d 870 (Md. 2006) (cited in ***Commonwealth v. Bullock***, 913 A.2d 207, 218 n. 11 (Pa. 2006) (concluding that the transferred intent doctrine does not apply to crimes of attempt because the defendant has committed a complete crime against the intended victim)).

introduction of facts and circumstances relating the shooting death of Daniek Burns, the Commonwealth's only eyewitness who identified Appellant as the shooter. Appellant argues that the cause of Burns' death was relevant "because it was a factor to consider when the jury ruled upon his credibility." Appellant's Brief at 46. Appellant notes that the sole question asked by the jury was, "Where, when, and how did Daniek Burns become deceased?" *Id.* at 44 (reference to record omitted). Appellant suggests that it is "clear that a person who is shot and killed as a result of a homicide has the potential to be seen as less credible than someone who dies as a result of natural consequences, such as disease or illness." *Id.* at 48.

The trial court dismissed Appellant's assertions, noting it had ruled that Burns was unavailable for trial and, pursuant to Pa.R.Evid. 804, his testimony from the first trial would be read into the record at the second trial. As the court explained:

> Under the rule, unavailability is a legal determination and the admissibility of such evidence, as with all evidence, is to be determined by the [c]ourt. The rule itself does not require or even mention the necessity for presenting evidence to the factfinder as to how the witness died. It the witness is in fact unavailable, it is irrelevant as to how they obtained that status. Furthermore, it is not as simple as merely informing the jury that the declarant died as a result of a gunshot. Were that door to be opened, we would be required to conduct a mini-trial with both the Commonwealth and [d]efendant offering evidence as to the circumstances and facts of the witness['s] death. The law does not provide for nor permit such a diversion from the issue at hand. Rather, once the requirements of Rule 804 are satisfied as to a witness[s'] unavailability, further evidence regarding the details of how that individual died is irrelevant and we so ruled.

T.C.O., 7/10/15, at 21-22.

We find no abuse of discretion in the trial court's determination that the circumstances of Burns' death were irrelevant and find no basis for disturbing its ruling on Appellant's pre-trial motion seeking introduction of facts surrounding Burns' death. Appellant's final issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016