**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jameal SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 19, 2003.
Filed March 23, 2004.

Suzanne M. Swan, Public Defender, M. Susan Ruffner and Kirk J. Henderson, Pittsburgh, for appellant.

Kevin Francis McCarthy, Michael W. Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: STEVENS, ORIE MELVIN and CAVANAUGH, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Jameal Smith, appeals from his June 17, 2002 judgment of sentence. On appeal, he first argues that the trial court erred by not crediting his sentence with the time that he was incarcerated under a probation detainer lodged as a result of his criminal activity. He also argues that the verdict was against the weight of the evidence. We find that Smith has waived his weight of the evidence argument and remand for resentencing.

¶ 2 The trial court summarizes the facts of this case as follows:

[O]n March 30, 2001, [Smith] was observed by Officer James Payne of the Pittsburgh Housing Authority Police standing with two other individuals in front of a residence in the Hill District section of the City of Pittsburgh. Officer Payne, when he first observed [Smith,] was in full uniform and driving a marked police vehicle. As he approached [Smith's] location, Officer Payne and [Smith] made eye contact. [Smith] then pulled a handgun and some other, unknown object from his right pocket and stuck them into the left breast pocket of the female individual he was standing with. Upon witnessing this, Officer Payne and his partner [, Officer David Clouse,] stopped the vehi-

cle they were traveling in and approached [Smith] and the unknown female on foot. Ultimately, the female was placed into custody and the gun and a baggie of crack cocaine were retrieved from her left breast pocket. [Smith] was also placed into custody. As part of the search of [Smith's] person incident to arrest, one thousand one hundred forty six ($1,146) dollars [were] found in [his] pocket. The cocaine seized from the female individual was submitted to the Allegheny County Crime Lab and found to weigh 10.757 grams. The firearm was also submitted to the Allegheny County Crime Lab and found to be operable.

Trial Court Opinion, 1/31/03, at 3 (citation to transcript omitted).

¶ 3 Smith was charged with carrying a firearm without a license [1] possession of a controlled substance [2] and possession of a controlled substance with intent to deliver.[3] After a jury trial Smith was found guilty on all counts. The trial court sentenced him on June 17, 2002 to sixteen to thirty-six months of incarceration under the firearms charge and to a consecutive three to six year term of imprisonment on the possession of a controlled substance with intent to deliver charge. This appeal follows.

■ ¶ 4 Smith's first argument on appeal is that the trial court did not properly credit him with his pretrial incarceration time when imposing his sentence. To understand this argument, it is necessary to take a closer look at the time between Smith's March 30, 2001 arrest and his March 22 through 26, 2002 trial.[4]

---

1. 18 Pa.C.S.A. § 6106.

2. 35 P.S. § 780–113(a)(16).

3. 35 P.S. § 780–113(a)(30).

4. The Commonwealth argues that the facts of what transpired between Smith's March 30, 2001 arrest and subsequent trial should not be considered on appeal because they are not evidenced in the certified record. Brief for Appellee at 5; *see also* Pa.R.A.P. 1921, 42

¶ 5 As already noted, Smith was arrested March 30, 2001. He was released from jail when he posted bail two days later. Before trial Smith was arrested again, on April 16, 2001, on unrelated charges that he was in default of his child support payments. The next day Smith paid his child support arrears and so was entitled to release. But he was not released because Allegheny County Court of Common Pleas Judge Terrence O'Brien had issued a warrant for his arrest on April 9, 2001. Apparently, Judge O'Brien issued the April 9, 2001 warrant because Smith's March 30, 2001 alleged criminal activity violated a sentence of probation that had been entered against Smith on August 23, 1998 when Smith had entered a guilty plea to a firearms charge. Smith was held in jail under Judge O'Brien's detainer though his March 2002 trial on the charges arising from his March 30, 2001 arrest. According to Smith, Judge O'Brien ultimately closed interest in the detainer matter on August 16, 2002, without further penalty to Smith.

¶ 6 Smith argues that the trial court should have given him credit for the time that he spent incarcerated under the probation detainer that was lodged as a result of his March 30, 2001 arrest. We agree.

¶ 7 Sentencing credit for time served is provided for under 42 Pa.C.S.A. § 9760. As is relevant here, the statute provides:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to

trial, during trial, pending sentence, and pending the resolution of an appeal.

\* \* \* \*

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1) and (4).

¶ 8 Invoking § 9760(1), Smith argues that he

was being held as a result of a detainer lodged *because he was facing the charges in this case.* Had he not been charged with these new charges, he would not have been in jail. Consequently, he [was] being held as a result of the conduct that led to the new charges and this conduct is what led to Judge O'Brien's detainer. Pursuant to § 9760, thus, ... Smith is entitled to this eleven-plus months of credit while being held on the detainer that was lodged as a result of the new charges.

Brief for Appellant at 15.

¶ 9 The Commonwealth responds that Smith is not entitled to credit for the time that he spent in prison under the probation detainer because "a defendant may only receive credit for time spent in custody prior to the imposition of sentence if the commitment was on the offense for which the sentence was imposed." Brief for Appellee at 5–6. The Commonwealth cites *Commonwealth v. Miller,* 440 Pa.Su-

Pa.C.S.A. Note (stating "An appellate court may consider only the facts which have been duly certified in the record on appeal."). A review of the record belies this claim. The

pertinent facts as argued by Smith are founded in the presentence report which was filed as a part of the certified record on June 21, 2002.

per. 380, 655 A.2d 1000 (1995) in support of its proposition.

¶ 10 In *Miller,* Emerson Miller was arrested on March 26, 1993 and charged with delivery of a controlled substance. He posted bail and was released on April 2, 1993. On July 24, 1993, he was arrested for unrelated acts that led to a charge of aggravated assault and robbery. He remained incarcerated on the aggravated assault and robbery charges until January 13, 1994, when he was tried and acquitted on those charges. Meanwhile, on November 24, 1993, Miller had entered a plea of guilty to the March 26, 1993 controlled substance charge. Following the submission of a pre-sentence report, Miller was sentenced on the March 26, 1993 controlled substance charge to serve a term of imprisonment for thirty-three months to seven years.

¶ 11 Miller did not appeal from his March 26, 1993 judgment of sentence, but he did file a petition to obtain credit for the time during which he had been incarcerated before being sentenced. The trial court amended Miller's sentence to give him credit for the time from March 26, 1993 to April 2, 1993, during which he had been in custody on the drug charge prior to posting bail. The trial court refused, however, to credit Miller for the time he served from July 24, 1993 to January 13, 1994, the period of time during which he was in custody following arrest for the unrelated charges of aggravated assault and robbery. Miller appealed to this Court, challenging the legality of his sentence by arguing that he was entitled under § 9760(4) to credit for the time before trial that he was incarcerated.

¶ 12 A panel of this Court affirmed. Particularly, the Court disagreed with Miller's argument and found that Miller was not entitled to sentencing credit under § 9760(4) because that provision was inapplicable:

[Miller] was not in custody for any other charges at the time he was arrested for delivery of a controlled substance. He had been arrested on the drug charge on March 26, 1993, and had posted bail on April 2, 1993. From the moment he posted bail on the drug charge and was released, [Miller] was no longer in custody on that charge. Therefore, when he was later arrested on unrelated charges and spent time in prison awaiting trial thereon, he was not entitled to credit on account of the drug charge. As to such charge he was free on bail and did not serve time.

*Id.* at 1003–04 (footnote omitted). The *Miller* panel also noted that generally "a defendant shall be given 'credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense.'" *Id.* at 1002 (quoting *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa.Super. 443, 217 A.2d 772, 774 (1966)).

¶ 13 Applying *Miller* to the present case does not mean that Smith was not entitled to have his June 17, 2002 sentence credited with the time that he was incarcerated under the probation detainer. Miller's July 24, 1993 aggravated assault and robbery arrest and subsequent incarceration through January 13, 1994 were entirely unrelated to his March 26, 1993 arrest and charge of delivery of a controlled substance. He was not entitled to have his aggravated assault and robbery pre-trial incarceration credited towards his delivery of a controlled substance sentence because that pre-trial incarceration was not "time spent in custody as a result of the" controlled substance charge. 42 Pa.C.S.A. § 9760(1).

¶ 14 In contrast, Smith's probation detainer incarceration was time spent in custody as a result—at least partially—of his March 30, 2001 arrest for gun and drug charges. Smith's detainer incarceration did not arise solely from his March 30, 2001 arrest. Judge O'Brien would not have issued the detainer that kept Smith in jail had Smith not been on probation. But absent Smith's March 30, 2001 arrest, he would not have been incarcerated for his prior firearms conviction because he was originally sentenced only to probation for that offense. Although his probation was the result of the prior firearms conviction, the time he spent in custody under the probation detainer was a result of the March 30, 2001 arrest.

¶ 15 Under *Miller*, then, Smith is entitled to have his pre-trial, probation detainer incarceration credited toward his current firearms and controlled substance sentence because the pre-trial incarceration resulted in part from the firearms and controlled substance charges. Similarly, under 42 Pa.C.S.A. § 9760(1), Smith is entitled to have his sentence credited because his pre-trial, probation detainer incarceration was time spent in custody as a result of the firearms and controlled substance charges.

¶ 16 Our conclusion that Smith's firearms and controlled substance sentence should be credited is supported by our Supreme Court's recent decision in *Martin v. Pennsylvania Board of Probation and Parole*, 576 Pa. 588, 840 A.2d 299 (2003).[5] In *Martin*, James Martin was sentenced to two-and-a-half to ten years of imprisonment based on his plea of guilt to robbery. He was then paroled. On August 22, 1996, his parole was revoked based on his conviction for a violation of the Uniform Fire-

arms Act. Martin was then reparoled. On May 30, 2000, Martin was arrested and charged with DUI, and the Pennsylvania Board of Probation and Parole lodged a detainer against him the same day. He was unable to post bail, and, on July 19, 2001, he was convicted of the charges and sentenced to incarceration of forty-eight hours time served with a one year period of probation to be served consecutively to the robbery sentence that he was already serving. At a parole revocation hearing, Martin was recommitted as a convicted parole violator to serve six months backtime; his parole violation maximum date was also recalculated.

¶ 17 Martin filed an appeal in which he claimed that the Board erred in calculating his parole violation maximum date by failing to give him credit for all of the time that he had served pursuant to the Board's detainer. He averred that because the new sentence imposed was forty-eight hours time served with a consecutive one-year probationary period, his original sentence should have been credited with the remaining time spent in custody from June 1, 2000 to July 19, 2001. In other words, Martin requested allocation of all excess custody time that could not be credited toward the sentence he received for his most recent DUI conviction (48 hours) and during which period the Board also detained him. The Board rejected Martin's request for relief. On appeal, the Commonwealth Court affirmed, citing *Gaito v. Pennsylvania Bd. Of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), for the proposition that Martin was not entitled to credit for the time served awaiting disposition of charges because a new "sentence" was imposed. *See* 42 Pa.C.S.A.

**5.** Because *Martin* was decided while this appeal was pending, Smith filed a post-submission communication requesting that he be allowed to provide additional argument based

on *Martin*. Additional argument is unnecessary because we can glean Smith's position from his brief as submitted.

§ 9721 (suggesting that the meaning of "sentence" includes fines, probation, and determinations of guilt without penalty). Our Supreme Court reversed, holding that *Gaito* did not mean that the crediting of time served turned on imposition of a "sentence" as statutorily defined but instead meant that crediting should turn on whether or not a new period of *incarceration* is imposed. The rule of *Martin* is that "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin*, at 605, 840 A.2d at 309.

¶ 18 There are differences between the present case and *Martin*. Here, Smith was held in jail pursuant to a probation detainer. Martin, conversely, was held in jail pursuant to a parole detainer issued by the Pennsylvania Board of Probation and Parole. Also, the *Martin* court explained specifically that the case did not address probation. *Id.* at 595, 840 A.2d at 303, n. 4. (stating "Probation forms no part of the issue before us and conditions of probation and its violation will not be separately addressed.").

¶ 19 But *Martin* is nonetheless presently instructive because it addresses equitable crediting of pre-trial incarceration when that incarceration is attributable to more than one set of offenses. In *Martin*, our Supreme Court considered "whether and when credit for time served may be awarded by [the Pennsylvania Board of Probation and Parole] against a prior sentence on the basis of pretrial detention related to a subsequent offense." *Id.* at 594, 840 A.2d at 302. The Court held that incarceration attributable to both a parole detainer and new criminal charges must be attributable to either the new sentence or the original sentence. In the present case, we are required to determine whether Smith may be awarded credit for time

served against his sentence based on pre-trial detention related to a prior offense. We hold that, because Smith's pretrial incarceration is attributable to both his probation detainer and the new criminal charges, it must be attributed to either his sentence under the new criminal charges or to a sentence imposed for violation of probation. Because Smith's pre-trial incarceration was not already credited to any violation of his probation, it was error for the trial court to refuse to give credit to Smith on his June 17, 2002 sentence. If Judge O'Brien simply closed interest on the probation detainer so that Smith was not credited with his incarceration for a probation violation, then the trial court should have credited Smith in his June 17, 2002 sentence.

■ ¶ 20 Smith's second argument on appeal is that the verdict is against the weight of the evidence. Smith does not challenge the weight of the evidence with respect to his violation of the gun law. *See* N.T. Sentencing, 1/17/02, at 6 (stating "We have no argument on the gun, Your Honor."). Instead, he challenges the evidence offered to establish his possession of the drugs. *See Id.* at 5–8. In support of his argument, Smith first points to the different descriptions of the events leading to Smith's arrest that were given by Officer Payne and his partner, Officer Clouse. Officer Payne testified that he saw Smith put a gun and something else into his female companion's pocket; Officer Clouse testified that he saw Smith transfer a gun. Secondly, Smith points to inconsistencies between Officer Payne's preliminary hearing testimony and his trial testimony. For example, at the preliminary hearing, Officer Payne testified that he did not know if Smith was looking at him; at trial he testified that they made eye contact. Finally, Smith argues that because the drugs were ultimately recovered from Smith's

female companion and only inconsistent testimony was offered as to Smith's possession of the drugs, the evidence did not establish his possession of the drugs.

¶ 21 The Commonwealth argues that Smith waived the weight of the evidence claim by challenging the sufficiency of the evidence instead of the weight of the evidence before the trial court. We agree with the Commonwealth.

¶ 22 A review of the sentencing hearing transcript reveals that Smith's trial counsel, Ralph Karsh Esq., challenged the sufficiency of the evidence before the trial court:

Your Honor, first off, under Rule 607, I am going to make a motion for judgment of acquittal.

\* \* \* \*

Frankly, Your Honor, there just wasn't enough here for a jury to reasonably convict my client of the cocaine.

\* \* \* \*

[T]here absolutely was insufficient evidence in this case to establish beyond a reasonable doubt that my client possessed the cocaine that was found on this woman.

So, we would make that motion for judgment of acquittal now as provided by Rule, under 607, Your Honor.

\* \* \* \*

[T]he jury is the fact finder, but you are the finder of whether or not their verdict was reasonable under the law.

[The Commonwealth had] ... to show that [Smith] possessed and had dominion and control over the cocaine. They never even placed him in possession. Officer Payne candidly admitted that on the witness stand. The other officer on the scene did not see the cocaine being passed. The Commonwealth made the

decision not to bring the young woman to Court to testify.

We don't have the burden of proof. I mean, the jury's verdict was, frankly, ludicrous, and you as the final arbiter here, Your Honor, it is up to you. What they decided is of no merit or bearing on the motion I am making to you now. The question is as a matter of law, can a jury infer, because they saw a gun pass, and they found a quantity of money on [Smith] with nothing else, can the jury infer that there was cocaine passed by [Smith] to this woman?

Both Payne and the other officer candidly and frankly admitted on the witness stand, and I commend Officer Payne for his truthfulness, he did not see the cocaine being passed. He made an assumption, but assumptions are not sufficient.

*Id.* at 5, 6, 7, and 7–8. Smith specifically characterized his complaint as being that there "was insufficient evidence." A challenge to the weight of the evidence, in contrast to a challenge to the sufficiency of the evidence, concedes that there is sufficient evidence to sustain the verdict. *Commonwealth v. Bennett,* 827 A.2d 469 (Pa.Super.2003). Moreover, Smith requested a judgment of acquittal, the remedy applicable to a challenge to the sufficiency of the evidence. *Compare* Pa. R.Crim.P. 607, 42 Pa.C.S.A. (specifying that the remedy for a challenge to the weight of the evidence is a new trial) *with* Pa.R.Crim.P. 606, 42 Pa.C.S.A. (specifying that the remedy for a challenge to the sufficiency of the evidence is a judgment of acquittal).

¶ 23 The only suggestion that Smith's counsel argued against the weight of the evidence was that he cited rule 607. A mere mention of the rule number under which challenges to the weight of the evidence are made does not constitute a chal-

lenge to the weight of the evidence. Substantively, Smith's argument at sentencing was in fact against the sufficiency of the evidence. Indeed, the trial court treated it as such. N.T. Sentencing, 1/17/02, at 9 (stating "In any event, I believe there was sufficient evidence to support the jury's verdict. I am going to deny the motion.").

¶ 24 A challenge to the sufficiency of the evidence is entirely distinct from a challenge to the weight of the evidence.

The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.
A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light

most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 560 Pa. 308, 318–20, 744 A.2d 745, 751–52 (2000) (citations, footnotes and quotation marks omitted).

¶ 25 "[A] challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607 Comment. Because Smith did not challenge the weight of the evidence before the trial court, we find that he has waived the argument on appeal. *See Commonwealth v. Wilson*, 825 A.2d 710, 713 (Pa.Super.2003).

¶ 26 The case is remanded for resentencing. If Judge O'Brien simply closed interest on the probation detainer so that Smith was not credited with his pre-trial incarceration time, the trial court must credit Smith for that time in Smith's June 17, 2002 sentence.

¶ 27 Judgment of sentence vacated, and case remanded for resentencing consistent

with this Opinion. Jurisdiction relinquished.