J-S77024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER MICHAEL LOPEZ | |
| Appellant | No. 603 EDA 2014 |

Appeal from the PCRA Order February 4, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007330-2011

BEFORE: STABILE, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 22, 2014**

Christopher Michael Lopez appeals from the order entered in the Court of Common Pleas of Delaware County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

On February 15, 2012, Lopez entered into a negotiated plea agreement. Pursuant to this agreement, the trial court sentenced Lopez to 1-2 years' imprisonment for possession of a controlled substance with an intent to deliver ("PWID") (marijuana)[1] and 30 to 60 months' imprisonment for PWID (cocaine).[2] The sentences were to run concurrent to each other.

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 35 P.S. § 780-113(a)(30).
[2] 35 P.S. § 780-113(a)(30).

Pursuant to Lopez's request, the trial court ordered that he report to prison by 6:00 p.m. on March 9, 2012.

Lopez did not report on March 9th. On February 18, 2012, three days after the Pennsylvania court sentenced him, Lopez was arrested in the state of Delaware for drug-related offenses. The Delaware authorities did not release him. On September 20, 2012, the Delaware court sentenced Lopez to a five-year term of imprisonment.

In November 2012, the Commonwealth of Pennsylvania lodged a detainer against Lopez. At this time, Lopez had not started serving the Pennsylvania sentence.

On February 11, 2013, Lopez filed a PCRA petition in Pennsylvania alleging his guilty plea was involuntary and, on May 17, 2013, Lopez filed a motion for credit for time served, alleging he was entitled to credit for time served in Delaware from February 18, 2012 to September 20, 2012.

On June 4, 2013, the trial court issued an order finding the PCRA petition defective and requiring Lopez to file an amended PCRA petition. On October 11, 2013, Lopez filed an amended petition, alleging he was entitled to credit for time served in Delaware from November 21, 2012, the date the Commonwealth of Pennsylvania lodged the detainer. He did not seek credit for the time served from February 18, 2012 through September 20, 2012.

After a February 4, 2014 hearing, the PCRA court denied the petition. Lopez appealed and both he and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Lopez raises the following issue on appeal:

> Whether or not the PCRA court abused its discretion or committed errors of law in denying the Appellant's PCRA petition in the nature of credit for time from the date the Commonwealth of Pennsylvania lodged its detainer against him while incarcerated?

Appellant's Brief at 4 (capitalization deleted). Lopez's claim lacks merit.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997)).

The Pennsylvania statute governing credit for time served provides:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> . . .
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760.

This statute requires that a defendant receive credit against a sentence where the defendant is "in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based" or the defendant is "arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest." 42 Pa.C.S. § 9760. The time Lopez spent in custody in Delaware was not the result of the criminal charge in Pennsylvania or a result of the conduct on which the Pennsylvania charge was based. Further, the acts underlying the charges in Delaware did not occur prior to his arrest in Pennsylvania.[3]

**Commonwealth v. Smith**, 853 A.2d 1020 (Pa.Super.2004), relied on by Lopez, is inapposite. Smith was arrested on March 30, 2001 and released on bail. On April 9, 2001, the Allegheny County Court of Common Pleas issued a warrant for Smith's arrest because his March 30, 2001 conduct violated a probation condition imposed in a prior sentence. **Smith**, 853 A.2d at 1023. On April 16, 2001, Smith was arrested on unrelated charges. **Id.**

_____

[3] Further, if "at the time of sentencing," a defendant is under the authority of another sovereign, "the court may indicate that imprisonment under such other authority shall satisfy or be credited against both the minimum and maximum time imposed under the court's sentence." 42 Pa.C.S. § 9761. This section, however, is inapplicable because Lopez was not under the authority of Delaware at the time the Pennsylvania court imposed its sentence.

He remained incarcerated, however, because of the detainer for the probation violation. ***Id.***

Smith maintained, and this Court agreed, that the time spent in prison on the probation detainer should be credited against the sentence imposed for the March 30, 2001 arrest. ***Smith***, 853 A.2d at 1023. We reasoned the incarceration due to the probation detainer was time "spent in custody as a result-at least partially-of his March 30, 2001 arrest for gun and drug charges." ***Id.*** at 1025. We noted:

> [A]bsent Smith's March 30, 2001 arrest, he would not have been incarcerated for his prior firearms conviction because he was originally sentenced only to probation for that offense. Although his probation was the result of the prior firearms conviction, the time he spent in custody under the probation detainer was a result of the March 30, 2001 arrest.

***Id.*** We concluded: "Smith is entitled to have his sentence credited because his pre-trial, probation detainer incarceration was time spent in custody as a result of the firearms and controlled substance charges." ***Id.***

Here, in contrast, Lopez's arrest in Delaware, and subsequent incarceration, was unrelated to his arrest and conviction in Pennsylvania and was not the result of his Pennsylvania conviction and sentence. Accordingly, the PCRA court did not err when it found Lopez was not entitled to credit against his Pennsylvania sentence for time spent in prison for his Delaware arrest.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2014