J-S06035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CODY ROBERT MILLER | |
| Appellant | No. 398 EDA 2016 |

Appeal from the Judgment of Sentence December 29, 2015
in the Court of Common Pleas of Monroe County Criminal Division
at No(s): CP-45-CR-0001172-2015
CP-45-CR-0001177-2015

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:      **FILED FEBRUARY 28, 2017**

Appellant Cody Robert Miller appeals from a judgment of sentence of twelve to forty-eight months' imprisonment imposed in the Monroe County Court of Common Pleas ("Monroe County court") for retail theft[1] and driving under the influence ("DUI").[2] Appellant argues that the Monroe County court erred by failing to award him credit for three of the seven months he was incarcerated prior to sentencing. The Commonwealth agrees that relief is due. We vacate and remand for resentencing.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

[2] 75 Pa.C.S. § 3802(d)(1)(i).

On November 25, 2014, Appellant was sentenced in the Northampton County Court of Common Pleas to twelve months' probation for possession of drug paraphernalia.

On May 20, 2015, Appellant was arrested in Monroe County in the cases presently on appeal, which the Monroe County court docketed at Nos. 1172-2015 and 1177-2015. Because Appellant was unable to post bail, he was incarcerated in Monroe County. On August 26, 2015, Appellant pleaded guilty to retail theft at No. 1172-2015 and DUI at No. 1177-2015.

On August 27, 2015, law enforcement officials transported Appellant to Northampton County on a probation detainer issued in the Northampton County case. Appellant remained incarcerated in Northampton County until December 29, 2015, when he returned to the Monroe County court for sentencing.

On December 29, 2015, the Monroe County court ordered Appellant to serve an aggregate state sentence of twelve to forty-eight months' imprisonment.[3] The court gave Appellant credit for his period of incarceration in Monroe County—May 20, 2015 to August 27, 2015—but did not award credit for his period of incarceration in Northampton County.

---

[3] In No. 1172-2015, the court sentenced Appellant to nine to forty-two months' imprisonment for retail theft. In No. 1177-2015, the court sentenced Appellant to a consecutive term of three to six months' imprisonment for DUI.

On January 6, 2016, Appellant filed post-sentence motions asserting that his sentence was excessive. He did not object to the lack of credit for time served in Northampton County. On January 7, 2016, the Monroe County court denied Appellant's post-sentence motions.

Appellant's probation violation hearing in Northampton County apparently took place on January 8, 2016.[4] It appears that Appellant's probation officer informed the court about Appellant's Monroe County sentence and asked that "we close this case out so [Appellant] can serve his state sentence." N.T., Probation Violation Hr'g, 1/8/16, at 3. It further appears that the Northampton County court agreed to "close this case" because Appellant "has other issues in SCI to deal with." *Id.* at 4.

On February 3, 2016, Appellant filed timely appeals in both Monroe County cases. This Court docketed both appeals at the same caption number. Both Appellant and the Monroe County court complied with Pa.R.A.P. 1925.

Appellant raises one issue on appeal:

> Where upon review of the record from another county it is learned that [A]ppellant received no time credit for time spent in that county on a probation violation, is not [Appellant] entitled to credit on the sentence served in the home county that formed the basis for the probation violation?

---

[4] The certified record from Monroe County does not include the transcript of the Northampton County hearing. An alleged hearing transcript is appended to Appellant's brief.

Appellant's Brief, at 6. In response to Appellant's brief, the Commonwealth filed a letter stating that it agreed with Appellant's position.

Appellant challenges the Monroe County court's refusal to award credit for time served in Northampton County. This is a question of law, because it implicates the legality of Appellant's sentence. *Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa. Super. 2016). Our standard of review over such questions is *de novo*, and our scope of review is plenary. *Id.* Although Appellant did not raise this argument in his post-sentence motions, we will review this issue because challenges to the legality of sentence are non-waivable. *Commonwealth v. Dinoia*, 801 A.2d 1254, 1257 (Pa. Super. 2002).

Section 9760 of the Pennsylvania Judicial Code governs credit for time served and provides in pertinent part:

> After reviewing the information . . . the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

Our analysis of section 9760(1) in *Commonwealth v. Smith*, 853 A.2d 1020 (Pa. Super. 2004), is controlling. The defendant in *Smith* was sentenced to probation on a firearms charge. *Id.* at 1023. Three years

- 4 -

later, he was arrested in a second case. *Id.* He was released on bail in the second case but was incarcerated on a probation detainer issued in the first case. *Id.* He remained in jail on the detainer for approximately one year and then proceeded to trial in the second case. *Id.* The jury found him guilty, and the trial court sentenced him to a term of imprisonment. *Id.* at 1022. Subsequently, the court closed the probation violation in the first case without imposing further penalty, but it refused to credit the time served on the probation detainer against the defendant's sentence in the second case. *Id.* at 1022-23.

On appeal, applying section 9760(1), this Court held that the defendant was entitled to credit in the second case for time served on the detainer issued in the first case. *Id.* at 1025. We further reasoned that the principle of "equitable crediting of pre-trial incarceration," which our Supreme Court delineated with respect to parole in ***Martin v. Pa. Bd. of Prob. and Parole***, 840 A.2d 299, 308–09 (Pa. 2003), applies with equal force to probation. ***Smith***, 853 A.2d at 1026. We stated that where "pretrial incarceration is attributable to both [a] probation detainer and . . . new criminal charges, it must be attributed to either [the] sentence under the new criminal charges or to [the] sentence imposed for violation of probation." *Id.* Because the court closed the defendant's probation violation proceedings without imposing penalty, the time he served in

pretrial detention on the probation detainer in the first case had to be credited against the sentence imposed in the second case. *Id.*

Pursuant to *Smith*, if the Northampton County case was closed without further penalty, the Monroe County court is required to award Appellant credit for time served on the Northampton County detainer. Appellant was on probation in Northampton County at the time of his arrest in Monroe County. Following this arrest, Appellant was incarcerated both for failing to post bail in Monroe County and as a result of the Northampton County detainer. Thus, his pretrial incarceration was attributable to both his Monroe County arrest and his Northampton County detainer. The Monroe County court sentenced him to imprisonment but only awarded him credit for three of his seven months of pretrial incarceration.

It appears, however, that the Northampton County court later closed Appellant's probation case without penalty. If so, he would be entitled to receive credit in Monroe County for all pretrial incarceration, including time served in Northampton County, because Appellant's lone prison sentence was in Monroe County. *See Smith*, 853 A.2d at 1022-23, 1026.

Conceivably, the Monroe County court declined to credit Appellant for time served in Northampton County because it assumed that the Northampton County court would sentence Appellant to imprisonment for his probation violation and credit Appellant's incarceration in Northampton County against his Northampton County sentence. Although this assumption

was reasonable, it now appears that the Northampton County court took a different course of action.

To confirm what action the Northampton County court took, we direct the Monroe County court to hold a hearing to determine the disposition of the Northampton County case. If the Northampton County case was closed without further penalty, we direct the Monroe County court to award Appellant credit for all time served between the date of arrest in Monroe County, May 20, 2015, and the date of sentencing, December 29, 2015.

Judgment of sentence vacated. Case remanded for sentencing proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017