J-A06015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :               PENNSYLVANIA
                                          :

               v.                           :
                                          :
                                          :

MATTHEW ALTMAN WOODARD     :
                                          :
              Appellant             :      No. 641 WDA 2021

Appeal from the Judgment of Sentence Entered May 5, 2021
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0001218-2019

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:            **FILED: March 29, 2022**

      Matthew Altman Woodard (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of hindering apprehension or prosecution.[1] We affirm.

      The trial court detailed the facts established at trial as follows:

         In the early morning hours of April 6, 2019, Corporal Benjamin Gadsby and Patrolman Arthur Rhoades of the City of Erie Police Department received a dispatch call regarding the downstairs apartment of 409 East 8th Street, Erie, Pennsylvania, for a noise complaint. Corporal Gadsby and Patrolman Rhoades recognized this address as being the residence of Robert Butler [(Mr. Butler)], an individual who was wanted by law enforcement on an arrest warrant. This information created a heightened alert

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5105(a)(1) (a person commits the offense if he, "with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition, … harbors or conceals the other").

for law enforcement, which resulted in additional police units being dispatched to the address. Upon arriving at the scene, Corporal Gadsby, Patrolman Rhoades, and the other responding officers set up a perimeter around the property in the event someone attempted to flee. Corporal Gadsby was positioned on the front porch of the residence and attempted to make contact with the residents inside. Patrolman Rhoades was stationed on the west side of the residence next to a kitchen window.

Through the kitchen window, Patrolman Rhoades observed two individuals standing next to each other lighting cigarettes off of the stove. Patrolman Rhoades recognized one of the individuals as Mr. Butler. Patrolman Rhoades testified he was familiar with Mr. Butler as he has had multiple contacts with the individual through traffic stops and vehicle accidents. Patrolman Rhoades was able to positively identify Mr. Butler. Patrolman Rhoades was also able to confirm that Appellant was the second individual in the kitchen with Mr. Butler. Patrolman Rhoades next attempted to get Mr. Butler and Appellant's attention to advise them to respond to the officers at the front door. As he knocked on the window with his knuckles, the window accidentally broke. Appellant and an unidentified female then came to the broken window to speak with the officer. Patrolman Rhoades advised Appellant of the warrant for Mr. Butler and that Patrolman Rhoades recognized Mr. Butler as the individual who had been in the kitchen. Appellant responded by insisting that it was Appellant and not Mr. Butler that the officer had seen. Appellant was advised to go to the front door where officers were waiting.

Eventually, Appellant did exit the residence via the front porch and the door was immediately shut behind him by someone inside. This prevented Corporal Gadsby and other law enforcement from entering the residence or seeing inside. Corporal Gadsby advised Appellant that law enforcement was looking for Mr. Butler and that if Appellant had knowledge that Mr. Butler was inside the residence and he failed to cooperate, he could be charged with hindering apprehension. Appellant once again denied that Mr. Butler was inside the residence and stated that, in fact, Appellant was the individual Patrolman Rhoades had believed to be Mr. Butler. Appellant was then detained on scene while law enforcement continued searching for Mr. Butler.

Also dispatched to 409 East 8th Street was Patrolman Michael Attalla of the City of Erie Police Department, who served

as a back-up officer to assist in locating Mr. Butler and aid in service of the arrest warrant. Upon making entry into the apartment, Patrolman Attalla and the other responding officers began a room-to-room search for Mr. Butler. Mr. Butler was located hiding inside of the couch in the living room of 409 East 8th Street.

Trial Court Opinion, 8/31/21, at 3-4 (citations to notes of testimony omitted).

The Commonwealth charged Appellant with hindering apprehension (as well as other offenses that were dismissed). After trial on March 16, 2021, the jury found Appellant guilty of hindering apprehension.

On May 5, 2021, the trial court sentenced Appellant to six months of probation. Appellant did not file post-sentence motions. Appellant timely appealed, and both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents one issue for review:

[WHETHER] THE VERDICT IN THIS CASE WAS AGAINST THE WEIGHT OF THE EVIDENCE IN THAT THE COMMONWEALTH DID NOT PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] HARBORED OR CONCEALED ANYONE, WHEN THE TESTIMONY OF THE OFFICERS WHO TESTIFIED AT TRIAL WAS INCONSISTENT, AND WHEN [APPELLANT] DID NOT KNOW WHY THE OFFICERS WERE AT THE HOUSE, AND WHEN HE FOLLOWED THE DIRECTIONS OF THE OFFICERS[?]

Appellant's Brief at 2.

An appellant must preserve a challenge to the weight of the evidence by raising it with the trial court in a motion for a new trial. *See* Pa.R.Crim.P. 607(A)(1)-(3). The motion may be presented: 1) orally, on the record, at any time before sentencing; 2) by written motion at any time before sentencing; or 3) in a post-sentence motion. *Id.* Failure to do so results in waiver. *See*

***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009) (appellant waived weight claim for failure to raise it before the trial court as required by Rule 607); Pa.R.Crim.P. 607 cmt; ***see also Commonwealth v. Coleman***, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for the first time in a Pa.R.A.P. 1925(b) statement – like Appellant's weight claim in this case – are waived).

Here, the trial court correctly determined Appellant waived his weight claim by not preserving it as required by Rule 607(A).[2]  The court noted that Appellant's counsel moved for judgment of acquittal challenging the **sufficiency** of the evidence, not weight.  ***See*** Trial Court Opinion, 8/31/21, at 5-6 (citing N.T., 3/16/21, at 151); ***see also Commonwealth v. Smith***, 853 A.2d 1020, 1028 (Pa. Super. 2004) (explaining the distinction between weight and sufficiency claims, and finding waiver of appellant's weight claim for failure to preserve it pursuant to Rule 607(A)).  Because Appellant did not properly raise and preserve his weight claim, his issue is waived.  ***See Sherwood***, ***supra***.

Waiver notwithstanding, we would conclude that Appellant's issue lacks merit.  Appellant argues "there was no evidence presented that [he] knew that the individual for whom the police were looking was wanted for a crime."

---

[2] Appellant also failed to identify a place in the record where the weight claim is preserved.  ***See*** Pa.R.A.P. 2117(c).

Appellant's Brief at 7. Appellant also emphasizes, "the testimony of the officers who testified at trial was inconsistent." *Id.* at 6.

We have explained:

The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (citations omitted).

Here, the trial court exercised its discretion in concluding there was "nothing in the jury's verdict that 'shocks [the court's] sense of justice[.]'" Trial Court Opinion, 8/31/21, at 9. The court reasoned: "Based on [the] unrebutted testimony of the government's witnesses, the jury reasonably inferred that Appellant was aware Mr. Butler was in the apartment and Appellant intended to conceal this fact." *Id.* at 8; *see also id.* (noting Patrolman Rhoades and Corporal Gadsby both consistently "testified that Appellant failed to cooperate with police and repeatedly told police that Mr. Butler was not in the residence").

Further, the trial court rejected Appellant's challenge to the testimony of the Commonwealth witnesses as inconsistent. The court stated it, "cannot glean any material inconsistencies as alleged by Appellant. Indeed, the testimony of all of the officers was consistent that Appellant was uncooperative and evasive in the encounter." *Id.* As the jury was free to believe all, part, or none of the evidence, *see Gonzalez*, *supra*, we may not re-weigh the evidence or disturb the jury's credibility determinations. *See*, *e.g.*, *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa. Super. 2017) (rejecting appellant's weight of the evidence claim where he merely asked this Court to reweigh evidence and testimony in his favor).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2022