J-S07039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                                          :

                 v.                           :
                                          :
                                          :

STEVEN HOWARD LUSKEY, JR.       : 
                                          :

                Appellant          :       No. 1089 WDA 2021

Appeal from the Judgment of Sentence Entered August 24, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000161-2020

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY PELLEGRINI, J.:           **FILED: MAY 02, 2022**

Steven Howard Luskey, Jr. (Luskey) appeals from the judgment of sentence imposed after his jury conviction of Corruption of Minors, 18 Pa.C.S. § 6301(a)(1)(i), arguing that the judgment was against the weight of the evidence. We remand.

It is well-settled that

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder and is free to believe all, part, or none of the evidence presented and determine the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. … [A]n appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather,

_____

[*] Retired Senior Judge assigned to the Superior Court.

appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd,* 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation omitted).

Instantly, the trial court denied Luskey's post-sentence motion challenging the sufficiency and weight of the evidence without providing an explanation for its decision. (*See* Order, 8/31/21, at 1) (pagination provided). In its Rule 1925(a) opinion, the trial court acknowledged that the only issue Luskey is challenging in this appeal is the weight of the evidence. However, it then conducted a review of the sufficiency of the evidence, which "is entirely distinct from a challenge to the weight of the evidence." *Commonwealth v. Smith*, 853 A.2d 1020, 1027 (Pa. Super. 2004); (*see* Trial Court Opinion, 10/29/21, at 1-4).

Because we are unable to review Luskey's weight of the evidence challenge in the first instance, we remand this matter to the trial court for it to prepare a supplemental Rule 1925(a) opinion properly addressing and analyzing Luskey's weight of the evidence claim within twenty days of the date of this Judgment Order.

Case remanded. Jurisdiction retained.