J-S11038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN SCOTT BAIR SR. | : | |
| | : | |
| Appellant | : | No. 978 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001728-2019

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: JUNE 28, 2022**

Brian Scott Bair, Sr. ("Bair"), appeals from the judgment of sentence imposed following his convictions for persons not to possess firearms, receiving stolen property ("RSP"), and prohibited offensive weapons.[1]  We affirm.

Given our disposition, a detailed factual history is unnecessary.  On October 22, 2018, Pennsylvania State Trooper Wyatt Tidholm and his partner went to a home in Fayette County and detained Bair in a trailer on the property.  A woman who was renting the trailer with Bair consented to a search.  During the search, the police discovered a lisdexamfetamine pill, drug paraphernalia, and an operable shotgun, with a wood grip and the front of the barrel removed, hidden between the bed and the sidewall.  Police arrested

_____

[1] **See** 18 Pa.C.S.A. §§ 6105(a)(1), 3925(a), 908(a).

Bair and charged him with the above-listed offenses, as well as possession of drugs and possession of drug paraphernalia.

At Bair's jury trial, the parties stipulated that he was not permitted to possess, use, transfer, or sell a firearm. The jury convicted him of persons not to possess firearms, RSP, and prohibited offensive weapons, and acquitted him of the drug charges. The trial court imposed a sentence of four to eight years of imprisonment for persons not to possess firearms.[2]

Bair filed a timely post-sentence motion asserting that the verdict was against the weight of the evidence because the Commonwealth failed to provide any evidence that he possessed the shotgun, lived in the trailer where the shotgun was found, knew or should have known that the shotgun was stolen, or himself sawed off the shotgun's barrel. Post-Sentence Motion, 7/20/21, at ¶ 2. Bair asserted that the Commonwealth's failure to prove those elements of the charges against him rendered the jury's verdict so contrary to the evidence as to shock one's sense of justice. *Id*. at ¶ 3.

The trial court denied Bair's motion. *See* Order, 7/28/21. Bair filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

---

[2] The court imposed no further penalty for Bair's RSP and prohibited weapons offenses.

Bair raises the following issue for our review:

Whether the jury's verdict is against the weight of the evidence, because the Commonwealth failed to provide any evidence that: [Bair] in fact possessed the shotgun at issue; that [Bair] actually resided in the pop-up trailer where the shotgun was found; that [Bair] knew or should have known that the shot gun [sic] was stolen; or that [Bair] was the individual who sawed off the shot gun's [sic] barrel?

Bair's Brief at 3 (unnecessary capitalization omitted).

Before reaching a review of the merits, we must determine whether Bair preserved this issue for our review. A claim that the verdict was against the weight of the evidence is addressed in the first instance to the discretion of the trial court and should not be granted because of a mere conflict in the testimony or because the judge would have reached a different conclusion. A trial judge should only grant a weight motion where certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts would be to deny justice. *See Commonwealth v. Stokes*, 78 A.3d 644, 650 (Pa. Super. 2013). A trial court should not overturn a verdict on this basis unless it is so contrary to the evidence as to shock one's sense of justice. *See Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016). On appeal, we apply a deferential standard of review to a trial court's determination that the verdict is not against the weight of the evidence:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial

court's determination that the verdict is against the weight of the evidence.

*Commonwealth v. Juray*, --- A.3d ---, ---, 2022 WL 1436070 at \*8 (Pa. Super. 2022) (quoting *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations omitted; emphasis omitted)).  An abuse of discretion is not a mere error in judgment but, rather, involves, bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. *Commonwealth v. Kane*, 10 A.3d 327, 333 (Pa. Super. 2010).

Sufficiency and weight claims are distinct.  A sufficiency claim asserts that as a matter of law the evidence failed to establish each element of the crime charged and the appellant's commission of that offense beyond a reasonable doubt, and accordingly seeks a discharge.  *See Commonwealth v. Smith*, 853 A.2d 1020, 1027 (Pa. Super. 2004).  By contrast, a weight challenge concedes that there is sufficient evidence to sustain the verdict and addresses the trial court's exercise of discretion in denying the weight claim. *See Commonwealth v. Widmer*, 744 A.2d 751, 752 (Pa. 2000).  Where an appellant conflates weight and sufficiency claims and fails to develop his weight of the evidence claim, his weight claim is waived.  *See Commonwealth v. Sexton*, 222 A.3d 405, 416 (Pa. Super. 2019).

It is an appellant's duty to present arguments that are sufficiently developed for our review, and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007).  If a deficient brief hinders this Court's

ability to address any issue on review, the issue will be regarded as waived. *See* Pa.R.A.P. 2119(a) (providing that the argument shall be followed by the discussion and citation of pertinent authorities).

Although Bair argues that the jury's verdict is against the weight of the evidence, he states the standard of review for sufficiency claims. He then premises his claim on the assertion that the Commonwealth failed to prove certain elements of the charges of which he was convicted. *See* Bair's Brief at 9. Bair cites only cases and statutes that address the sufficiency of the evidence. *See id*. at 10 (citing a case stating the elements of persons not to possess firearms), *id*. at 11 (citing a case stating the elements of RSP), *id*. at 15-16 (citing the statute stating the elements of prohibited offense weapons).

Although Bair asserts, in a single paragraph, that the verdict was against the weight of the evidence, he does not concede the sufficiency of the evidence, nor does he argue that the trial court abused its discretion in denying a weight of the evidence claim. *See Commonwealth v. Smith*, 853 A.2d at 1027; *see also* Bair's Brief at 9-17.

Because Bair conflates weight and sufficiency issues and fails to develop his weight issue, his weight claim is waived. *See Sexton,* 222 A.3d at 416. The claim is also waived because Bair does not discuss the weight of the evidence in his argument or support his discussion with authorities discussing the weight of the evidence. *See* Pa.R.A.P. 2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities

as are deemed pertinent."); **see also Hardy**, 918 A.2d at 771 (this Court will not serve as appellant's counsel). Accordingly, Bair has waived this issue.

Judgment of sentence affirmed.

President Judge Panella joins this memorandum. Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2022