J-S29029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEWAYNE J. HOLLAND | : | |
| | : | |
| Appellant | : | No. 2354 EDA 2019 |

Appeal from the PCRA Order Entered August 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0105551-2005

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    Filed: November 19, 2020

Appellant Dewayne J. Holland appeals from the order dismissing his first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition. Appellant contends counsel was ineffective by not filing a motion to dismiss the charges because of an untimely probation/sentencing hearing.  Appellant also argues that his violation of probation (VOP) sentence was illegal because he was not given credit for time served.  We affirm.

We adopt the facts presented in the trial court's opinion.  PCRA Ct. Op., 12/16/19, at 1-3.  We reiterate that Appellant has been incarcerated since his arrest on the new criminal charges.  On July 17, 2017, the VOP

_____

[*] Retired Senior Judge assigned to the Superior Court.

court revoked Appellant's probation and sentenced Appellant to two-and-a-half to five years' imprisonment. *Id.* at 3. Appellant did not appeal.

On July 10, 2018, Appellant filed a timely, handwritten *pro se* PCRA petition raising, among other claims, that his VOP counsel was ineffective by "not getting [Appellant's] detainer time credit to [incomprehensible] sentence imposed." PCRA Pet., 7/10/18, at 4. The PCRA court appointed PCRA counsel for Appellant. On September 4, 2018, PCRA counsel filed an amended PCRA petition that incorporated the claims raised in Appellant's *pro se* petition and also raised a claim that Appellant's trial counsel "was ineffective for not objecting to the VOP hearing because [Appellant] was denied his right to a prompt VOP hearing . . . ." Am. PCRA Pet., 9/4/18, at 2.

On July 9, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice, which stated that Appellant's issues lacked merit. Appellant did not file a response. On August 8, 2019, the PCRA court dismissed Appellant's PCRA petition. Order, 8/8/19. On August 13, 2019, Appellant timely appealed. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b), but filed an opinion on December 16, 2019.

Appellant raises the following two issues:

1. Was defense counsel at [Appellant's] VOP/sentencing hearing ineffective for failing to file and litigate a motion to dismiss the charges because [A]ppellant was denied a prompt VOP/sentencing hearing?

2. Was the sentence imposed by the trial court illegal because [A]ppellant was not given credit for time served[?]

Appellant's Brief at 2.

In support of his first issue, Appellant argues that his trial counsel was ineffective by failing to file a motion to dismiss the charges because of a failure to hold a prompt VOP/sentencing hearing. *Id.* at 8. Appellant reasons that fifteen months elapsed between his underlying conviction and the VOP/sentencing hearing, and only one of the fourteen continuances should be attributed to him. *Id.* Appellant summarily argues that he "met the three prong test [for ineffectiveness] because his claim has arguable merit, counsel had no reasonable basis for not [filing] the speedy/prompt hearing motion, and [he] was prejudiced by counsel's failure." *Id.* at 9.

The standard of review is well-settled:

Initially, we note that our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a

reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

After careful review of the parties' briefs, the record, and the PCRA court's opinion, we affirm the PCRA court on its disposition of Appellant's first issue. *See* PCRA Ct. Op. at 4-9.

In support of his second issue, we quote Appellant's one-paragraph argument as follows:

- 4 -

> The trial court did not give [Appellant] credit for time served. Credit for time served in sentencing [Appellant] is mandatory. Failure to give credit for time served makes the sentence imposed in this case illegal. Challenges to the legality of sentence cannot be waived. This Court has jurisdiction to address this issue since [Appellant] timely filed his PCRA petition and this Court has jurisdiction to address the legality of the sentence. The judgment of sentence should be vacated in this case.

*Id.* at 10-11 (citations omitted). Appellant appears to be arguing that he should be given credit for time served from either November 17, 2014, the date of Appellant's arrest and incarceration on the new criminal charges, or April 26, 2016, the date that Appellant was convicted on the new charges. *See id.* at 3, 7; Commonwealth's Brief at 13.

In response to Appellant's second issue, the Commonwealth counters that Appellant "**was** credited for that time on his sentence for the new conviction." Commonwealth's Brief at 13 (citing N.T. Sentencing Hr'g, 11/18/16, at 8).[1] The Commonwealth reasons that "[b]ecause [Appellant's] time served was credited to the sentence for the new conviction[, Appellant]

---

[1] The sentencing hearing transcript for Appellant's new convictions was not transmitted to this Court as part of the certified record, but Appellant does not dispute the accuracy of the Commonwealth's citation. *See also Commonwealth v. Holland*, 2018 WL 3121765 (Pa. Super. filed June 26, 2018) (unpublished mem.) (resolving Appellant's direct appeal for the new conviction). Appellant's appellate brief for the aforementioned direct appeal states that the trial court gave Appellant credit for time served for the new criminal charges. *See* Appellant's Brief, 2017 WL 9286443, at *7.

would have received an impermissible double benefit if it had also been credited to [Appellant's] VOP sentence." **Id.**

A petitioner can challenge the legality of the sentence in a timely PCRA petition. **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007). Section 9760 of the Sentencing Code provides as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> *   *   *
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760(1), (4).

In **Commonwealth v. Smith**, 853 A.2d 1020 (Pa. Super. 2004), this Court addressed the defendant's claim "that the trial court erred by not crediting his sentence with the time that he was incarcerated under a probation detainer lodged as a result of his criminal activity." **Smith**, 853 A.2d at 1022. In resolving the issue, the **Smith** Court summarized **Martin v. Pa. Bd. of Probation & Parole**, 840 A.2d 299 (Pa. 2003), as follows:

> In **Martin**, our Supreme Court considered "whether and when credit for time served may be awarded by [the Pennsylvania

Board of Probation and Parole] against a prior sentence on the basis of pretrial detention related to a subsequent offense." The Court held that incarceration attributable to both a parole detainer and new criminal charges must be attributable to either the new sentence or the original sentence. In the present case, we are required to determine whether [the defendant] may be awarded credit for time served against his sentence based on pretrial detention related to a prior offense. We hold that, because [the defendant's] pretrial incarceration is attributable to both his probation detainer and the new criminal charges, it must be attributed to either his sentence under the new criminal charges or to a sentence imposed for violation of probation. Because [the defendant's] pre-trial incarceration was not already credited to any violation of his probation, it was error for the trial court to refuse to give credit to [the defendant] on his June 17, 2002 sentence.

**Smith**, 853 A.2d at 1026 (citation omitted).

Instantly, unlike the defendant in **Smith**, Appellant apparently received credit for time served for his pre-trial incarceration attributable to his new criminal charges.[2] **Cf. Smith**, 853 A.2d at 1026; **cf. also Holland**, 2018 WL 3121765, at *1; Appellant's Brief at 3 (arguing he should be given credit for time served from November 17, 2014, the date of his arrest and incarceration for the new criminal charges), 7 (asserting entitlement to credit for time served from April 26, 2016, the date of his conviction for the new criminal charges). Because it appears Appellant was already given credit for time served for his pre-trial incarceration on his new criminal

---

[2] **See** Appellant's Brief, 2017 WL 9286443, at *7 (stating, in Appellant's appellate brief for his new criminal charges, that the trial court gave him "credit for time served").

charges, he is not entitled to receive credit for time served for his "sentence imposed for violation of probation." **See Smith**, 853 A.2d at 1026. For these reasons, Appellant is not entitled to relief and we affirm the PCRA court's order. **See Sandusky**, 203 A.3d at 1043-44.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/20

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH** | : | **CP-51-CR-0105551-2005** |
| | : | |
| **vs.** | : | |
| | : | |
| | : | **SUPERIOR COURT** |
| **DEWAYNE HOLLAND** | : | **2534 EDA 2019** |
| **aka Dwayne Holland** | | |

**OPINION**

**BRINKLEY, J.**                                        **DECEMBER 16, 2019**

Defendant Dewayne Holland filed a petition for relief under the Post-Conviction Relief

Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq*. (eff. Jan. 16, 1996), claiming ineffective assistance of

counsel at his violation of probation hearing. After reviewing counsel's Amended Petition, the

Commonwealth's Motion to Dismiss, and Notice of Intent to Dismiss Pursuant to Rule 907

having been sent and no reply received, this Court dismissed Defendant's petition based upon

lack of merit. Defendant appealed this dismissal to the Superior Court. This dismissal should be

affirmed.

**Background**

On June 1, 2005, Defendant appeared before this Court and pled guilty to Possession with

Intent to Deliver a Controlled Substance (PWID). Pursuant to his negotiated plea agreement, he

was sentenced to 1 year in the Intermediate Punishment program (to include inpatient drug

treatment and 3 months of house arrest) plus 2 years reporting probation. Defendant was ordered to successfully complete drug treatment, seek and maintain employment, and perform 40 hours of community service.

On February 5, 2008, Defendant was arrested and charged with Driving Under the Influence. On October 28, 2009, Defendant appeared before the Honorable Joseph J. O'Neill, where he was found guilty and sentenced to 6 months probation. On August 14, 2009, Defendant was arrested and charged with simple assault and recklessly endangering another person. On November 28, 2009, Defendant was arrested and charged with knowing and intentional possession of a controlled substance (K&I).

On December 9, 2010, Defendant appeared before this Court for a violation hearing. This Court found in direct violation based upon his DUI conviction. His probation was revoked and he was sentenced to 5 years reporting probation. On August 28, 2011, Defendant appeared before this Court for a second violation hearing. This Court found him in technical violation of his probation and sentenced him to 11 ½ to 23 months county incarceration plus 8 years reporting probation. Defendant was ordered to complete drug treatment, anger management, parenting classes, job training and earn his GED.

On November 17, 2014, Defendant was arrested and charged with criminal attempt to acquire or obtain a controlled substance through misrepresentation, fraud, or forgery. On April 26, 2016, he appeared before the Honorable Joan A. Brown and was found guilty of this crime. On November 18, 2016, he was sentenced to 3 to 6 years state incarceration.

Defendant was scheduled for a VOP hearing on December 1, 2016 but he was not brought down to Philadelphia from state custody. The matter was rescheduled for a video hearing on January 20, 2017; however, this Court was on trial. The matter was continued to April

2

11, 2017 for a video hearing. On that date, the video room was unavailable at the prison so the hearing was continued to May 8, 2017. On May 8, 2017, this Court began a violation hearing via video with Defendant; however, partway through, Defendant insisted that he appear in person in Philadelphia and refused to be sentenced by video. According to the docket entry on this date, defense counsel stated that he intended to file "a Motion regarding the speedy sentencing rule." No such motion was ever filed.

On July 17, 2017, Defendant appeared before this Court for a violation hearing. On that date, this Court noted in the record:

> We were attempting to bring you down from state prison on numerous occasions or to schedule a video hearing I have at least 13 times and then on the 14th time on 4/11/2017 the video room at the prison was unavailable. We continued to 5/8/17. We started a video. The video is not complete because you stated your desire to come to Philadelphia and refused to the sentencing by video. So we continued the matter to today's date and you were brought down.

(N.T. 7/17/17, p. 5). On that date, this Court found Defendant in direct violation and revoked his probation. This Court sentenced Defendant to 2 ½ to 5 years state prison, to run consecutive to Judge Brown's sentence. Defendant did not appeal this sentence.

On July 10, 2018, Defendant filed a first, timely *pro se* PCRA petition claiming that VOP counsel was ineffective for failing to file a motion objecting to his hearing based upon his right to a prompt hearing. On July 30, 2018, John Cotter, Esquire was appointed as PCRA counsel. Mr. Cotter filed an Amended Petition on September 4, 2018. On July 9, 2019, the Commonwealth filed its Motion to Dismiss. That same day, this Court sent Defendant a Notice of Intent to Dismiss Pursuant to Rule 907. On August 8, 2019, this Court dismissed Defendant's petition based upon lack of merit. On August 13, 2019, Defendant file a Notice of Appeal to Superior Court.

3

## Discussion

When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 345 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 316 (2008) (citing Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d 56, 61 (2005)). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S.A § 9543.

Defendant claims that VOP counsel was ineffective for not filing a motion objecting to the violation hearing for allegedly violating his right to a prompt hearing pursuant to Pa.R.Crim.P. 708(B)(1). This claim is without merit. To prevail on a claim alleging counsel's ineffectiveness under the PCRA, the appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different. Commonwealth v. Timchak, 2013 PA Super 157, 69 A.3d 765, 769 (2013) (citing Commonwealth v. Wah, 42 A.3d 335, 338 (Pa.Super.2012)). A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Id. (citing 42 Pa.C.S. § 9543(a)(2)(ii)). Counsel's assistance is

4

deemed constitutionally effective once the court determines that the defendant has not established any one of the prongs of the ineffectiveness test. Id. (citing Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa.Super.2008)). To establish prejudice, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Commonwealth v. Davido, 106 A.3d 611, 621 (Pa. 2014) (citing Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006)). When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, "he is not entitled to relief, and we are constrained to find such claims waived for lack of development." Commonwealth v. Fears, 624 Pa. 446, 461, 86 A.3d 795, 805 (2014) (quoting Commonwealth v. Steele, 599 Pa. 341, 361, 961 A.2d 786, 797 (2008) ("[U]ndeveloped claims, based on boilerplate allegations, cannot satisfy Appellant's burden of establishing ineffectiveness.").

In the case at bar, Defendant has failed to meet his burden of pleading and proving the three ineffectiveness prongs. In his amended petition, Defendant baldly states:

> Defendant's trial defense counsel was ineffective for not objecting to the VOP hearing because the petitioner/defendant was denied his right to a prompt VOP hearing under **Pa.R.Crim.P. 708(B)(1)**. Trial defense counsel was supposed to file this motion/objection but never did. See page 18 of docket entry 5/8/17. The direct violating occurred on 4/26/16 almost 15 months prior to the VOP hearing on 7/17/17[.] This issue has not been waived because it is the first time that the defendant can raise it.

(Amended Petition, ¶ 4). This is the entirety of his claim and argument. Defendant does not even mention any of the three ineffectiveness prongs. He does not discuss how his claim has merit, he does not argue that counsel's action or inaction had no reasonable basis, and he completely fails to show how VOP counsel's failure to file this motion prejudiced him. Since Defendant's claim is undeveloped, no relief is due.

5

Not only is Defendant's claim fatally undeveloped, it completely lacks merit. Defendant claims that counsel was ineffective for not filing a motion, arguing that he was denied his right to a prompt hearing under Pa.R.Crim.P. 708(B)(1). This rule states:

> **(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel[.]

This rule does not create a presumptive period in which the Commonwealth must conduct its hearing; rather, the question is whether the delay was reasonable under the circumstances of the specific case and whether the defendant was prejudiced by it. Commonwealth v. Christmas, 995 A.2d 1259 (Pa.Super 2010). The relevant period of delay is from the time of conviction or entry of guilty plea to the date of the violation hearing. Commonwealth v. Clark, 847 A.2d 122, 124 (Pa.Super.2004)(citing Commonwealth v. McCain, 320 Pa.Super. 394, 467 A.2d 382, 383 (1983)). In evaluating the reasonableness of the delay, the court examines three factors: the length of the delay, the reasons for the delay, and the resulting prejudice from the delay. Clark, supra (citing Commonwealth v. Saunders, 575 A.2d 936, 938 (Pa.Super.1990)). The court must examine the circumstances around the delay to see if the Commonwealth acted with diligence in scheduling the violation hearing. Clark, supra (citing Commonwealth v. Bischof, 616 A.2d 6, 8 (Pa.Super.1992)). Pennsylvania courts have held that the Commonwealth is not responsible for delays resulting despite the issuance of a bringdown and writ for the defendant's appearance. Commonwealth v. Mines, 797 A.2d 963, 96 (Pa.Super.2002). "The prosecutor cannot be charged with responsibility for the delay because the [prison] system seems unable to find, transport, and house defendants in their custody." Id. See also Commonwealth v. Kane, 461 A.2d 1246, 1249

6

(Pa.Super.1983)(holding that a "deliberate attempt to delay the [revocation hearing] in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility lies with the government rather than the defendant); Commonwealth v. Jones, 378 A.2d 481, 482 (Pa.Super.1977). Last, "[p]rejudice in this context comprises of loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty." Clark, *supra* (citing Commonwealth v. Marchesano, 519 Pa. 1, 6-7, 544 A.2d 1333, 1336 (1988)).

In the case at bar, Defendant was convicted of his new crime on April 26, 2016 before Judge Brown.[1] Thus, the relevant period of delay is from date of conviction—April 26, 2016—to the date of his violation hearing—July 17, 2017. This is just under 15 months. Pennsylvania courts have held that "delays of fifteen months, two years, and four years are not 'intrinsically unreasonable'." Christmas, 995 A.2d at 1263. Thus, we must examine each delay to determine the reasonableness of the delay. The first delay, between Defendant's conviction and sentencing cannot be weighed heavily as the case was transferred from Judge Brown to Judge Mazzola for sentencing and Judge Mazzola required additional time to review the notes of testimony from trial and the presentence investigation report. This delay was not deliberate attempt to delay by the Commonwealth; rather, the Court was waiting for Defendant to be sentenced before proceeding with the violation hearing. *See* Commonwealth v. Long, 400 A.2d 179, 180 (Pa.Super.1979)("we cannot find that it was unreasonable for the lower court in this case to delay the revocation hearing until the appellant was sentenced on the other charge").

---

[1] This matter was reassigned to Judge Mazzola on June 23, 2016. He sentenced Defendant on November 18, 2016.

7

The next delay was also not attributable to the Commonwealth. This Court issued a writ for Defendant to be brought down on December 1, 2016 for a revocation hearing and the prison failed to comply. As discussed above, the Commonwealth cannot be faulted for delays resulting from the Department of Corrections' inability to transport defendants in their custody.

At the next scheduled hearing date on January 20, 2017, this Court was presiding over a jury trial and the matter was continued to March 31, 2017 for a video hearing. This delay was not the result of deliberate delay by the Commonwealth as this Court was on trial. On March 31, 2017, the case was continued to April 11, 2017 for a video hearing. There is no reason stated in the docket sheet for that day as to why the matter was continued for 11 days. On April 11, 2017, the video room at the prison was unavailable. Once again, the Commonwealth cannot be held responsible for delay caused by the Department of Corrections. The hearing was then rescheduled to May 8, 2017 for a video hearing. On that date, Defendant stated that he wished to appear in person for his VOP and refused to be sentenced via video. This delay was directly attributable to Defendant. The matter was then continued to July 17, 2017, at which time Defendant was sentenced. Thus, out of all of the delays between January 20, 2017 and actual sentencing on July 17, 2017, there is only one 11 day delay that was not readily attributable to the Court's trial schedule, failures on the part of the Department of Corrections, or Defendant's own deliberate actions. This is not an unreasonable delay; therefore, no relief is due.

Last, even if the delay was unreasonable, Defendant is unable to show prejudice. As discussed above, "[p]rejudice in this context comprises of loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty." Clark, *supra* (citing Commonwealth v. Marchesano, 519 Pa. 1, 6-7, 544 A.2d 1333, 1336 (1988)). "If a defendant is already incarcerated on the

8

charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty." Christmas, 995 A.2d at 1264 (citing Clark, *supra*; Bischof, *supra*). "Likewise, where a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim a delay in his VOP hearing prejudiced him because he lost favorable witnesses and evidence." Id.

In the case at bar, Defendant cannot show prejudice because any delay did not cause the loss of essential witnesses or evidence nor was he unnecessarily deprived of his personal liberty. The record shows Defendant was convicted of criminal attempt to acquire or obtain a controlled substance through misrepresentation and was sentenced to 3 to 6 years state incarceration. This was a direct violation of Defendant's probation. Since this new conviction conclusively established Defendant's probation violation, Defendant cannot claim that any delay prejudiced him due to the loss of favorable witnesses or evidence. Next, as a result of his conviction, Defendant was already incarcerated and serving a state sentence of 3 to 6 years. Thus, Defendant is unable to claim that any delay caused him any loss of personal liberty. Since Defendant is unable to show any prejudice, no relief is due.

9

## CONCLUSION

After reviewing the applicable case law, statutes and testimony, this Court committed no error. This Court properly dismissed Defendant's PCRA petition based upon lack of merit. Accordingly, this Court's dismissal should be affirmed.

BY THE COURT:

_____ J.

10